## Kenmont Coal Co. v. Clark et al.

May 7, 1943.

W. Porter Mayo and J. W. Howard for appellant.

R. C. Tartar and B. C. Easton for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Reversing.

Hobart Clark lost his life in December, 1936, as the result of an injury arising out of and in the course of his employment by appellant. The only question before the Workmen's Compensation Board was the extent of the dependency of the appellees, H. T. Clark, his father, and Della Mae Clark, his sister. A referee made an award of $1.20 per week, based on ten per cent dependency. The award was adopted by the Board without motion

for a Full Board review. The claimants appealed to the circuit court and that court remanded the case to the Board with direction to permit the claimants to introduce additional evidence and to render a proper decision upon the facts then before it. The appeal is from the order of remand and appellees are cross-appealing, contending that the circuit court should have directed an award based on total dependency.

The substance of the evidence before the Board is as follows: H. T. Clark, the father, was the owner of a farm of thirty-five acres in a remote section of Perry County. The farm was valued at about $150. He had four children, three sons and the daughter. The other two sons were married and were unable to contribute to the father's support. The deceased, forty years of age, lived with his father and sister and would go away at times when he could obtain outside work. The father was 73 years of age, afflicted with rheumatism and able to do but little farm work. The combined efforts of the three enabled them to eke out a bare existence by raising small crops, a few chickens, a garden and a small amount of livestock. From the evidence, it is fair to assume that the labor of the deceased was the major productive effort on the farm and that the meager existence of the father and sister stemmed substantially from this labor.

In the Fall of 1935 the deceased obtained outside employment at $30 per month. The father and sister testified that he spent all of this to support himself and them. He returned about the first of January, 1936, and remained at home until August. The appellees testified that during the year he was their sole support but this was, of course, a mere conclusion on their part. They say, however, that he did most of the farm work. They also claimed that he received $35, possibly $55, from outside sources which he used for the support of the family prior to the time he left home. A grocer and several other witnesses testified that during part of the year 1936 when he was at home he bought groceries sufficient to support a family of three.

He obtained employment with appellant on October 1, 1936, and worked until he met his death on December 28. He earned $288.69 and sent $30 to his father and sister. He permitted $70 of his wages to accumulate and remain on deposit with appellant. Thus, as the deceased

had contributed slightly more than ten per cent of his wages for the past three months to appellees' support, the referee found that the work he did at home was about sufficient to pay for his upkeep and that since he, himself, during the last three months had fixed the rate of contributions at approximately ten per cent this rate was the best measure of the extent of dependency.

Although neither party requested a remand of the case to the Board, the trial court remanded it in order that appellees might introduce definite evidence as to the worth to them of the work done on the farm by the deceased during the year 1936 before he left home. Since this action in effect set aside the award, it was a final and appealable order. Searcy v. Three Point Coal Co., 280 Ky. 683, 134 S. W. (2d) 228.

It is the contention of appellant that there was substantial evidence to support the award of the Board and that the trial court should have affirmed the award rather than remand the case while appellees, on the cross-appeal, insist that the evidence established total dependency and that the award should have been for the maximum compensation.

The trial court must have felt, as do we, that the award was wholly out of line with the proven facts and proper inferences therefrom and evidently adopted the expedient of remanding the case as the most feasible method of attempting to correct the manifest inadequacy. But we think the court was without authority to do so. All evidence either party desired to introduce was before the Board and neither party was requesting a remand. Further, any additional evidence as to the worth of the deceased's services to appellees would have been highly speculative and of little value. The facts were before the Board and before the lower court and both of these tribunals were as capable of making the valuation as would have been the witnesses to whom the question as to the worth of the services might have been propounded. It is our opinion that the trial court should have proceeded to the decision on the record before it, a course now devolving on us.

The claimants are not within the class presumed dependent by section 4894 of the Kentucky Statutes (now KRS 342.075), but are within the class which may be shown as a matter of fact to be dependent. The facts

clearly disclose that they were not totally dependent on the deceased. This being true, section 4893 of the Kentucky Statutes (now KRS 342.070) provides the method of determining the degree of dependency as follows:

> "* * * Partial dependency shall be determined by the proportion of the earnings of the employe which have been contributed to such partial dependent during one year next preceding the date of injury; * * * *"

In construing this statute we have held that to establish dependency it must be shown that the contributions made by an employee exceed in value what he received at the hands of the alleged dependents. Kentucky Coke Co. v. Baker, 242 Ky. 807, 47 S. W. (2d) 721; Splint Coal Corp. v. Williams, 283 Ky. 47, 140 S. W. (2d) 661. It seems apparent that the Board, in applying this rule, went far afield and that its action in balancing off the board received by the deceased against the contributions made by him to the family's support prior to his employment by appellant is not supported by substantial evidence. Of course, as we have often held, if there is any substantial evidence to support the Board's finding it must be affirmed but the erroneous finding in this case was due to a misconception of uncontradicted and non-conflicting evidence and to unauthorized inferences and deductions therefrom as well as to an improper application of the statutory method of determining partial dependency.

The evidence clearly established that the family existed in the main through the labor of the deceased and during the part of the year 1936 when he was at home he not only contributed his labor to sustain himself and his family but, apparently, his entire income, such as it was. This contribution of income seems to have been ignored by the Board.

In accepting the rate of contributions made by the deceased during the last three months of his life as the measure of dependency, plain violence was done to the terms of the statute which requires that partial dependency be measured by the proportion of the earnings of the employee contributed during one year next preceding the injury. The three month wage earning period at the end of the year did not afford a sound foundation on which to rest the rigid application of the percentage

formula. No such sharp separation of the period of farm labor and outside employment should have been attempted. When the earnings of the deceased for the year are considered it is apparent that his contributions were substantially in excess of ten per cent. Even on the basis used by the referee the contributions were somewhat in excess of ten per cent, yet this break was resolved against the claimants when every consideration required that it be resolved in their favor. Further, it is fair to assume that in permitting $70 of his wages to remain with the company the deceased had his family in mind and would use a portion of this sum for their support when, and if, the occasion arose. In any event, it clearly appears that the method of measurement adopted brought the Board to a result such as was never contemplated by the statute and one which is manifestly at variance with the actual facts when the whole picture is considered in the broad light of reason and the obvious purpose of the statute to provide a fair and reasonable method of measuring dependency.

It is our opinion that the evidence conclusively established that the dependency substantially exceeded ten per cent but did not exceed fifty per cent and that the Board should have so found.

The judgment is therefore reversed on the original appeal and on the cross-appeal with directions to remand the case to the Board to make an award in conformity with this opinion.

Whole court sitting.