## STEVERSON v. STRUCK CONST. CO. et al.

Court of Appeals of Kentucky.

Nov. 2, 1951.

W. C. Edrington, Louisville, for appellant.

Peter, Heyburn & Marshall and Gavin H. Cochran, Louisville, for appellees.

LATIMER, Justice.

We have before us an appeal and cross-appeal from the judgment affirming a full board award of the Workmen's Compensation Board. The issue presented here is the degree of dependency.

Appellant, Della Steverson, age 35, is the daughter of Fount Barnett, deceased employee of appellees. Barnett was killed by an accident which happened within the course of his employment. Appellant, although married, had been separated from her husband for fifteen years within which time she had neither seen nor heard from him. She had been unemployed for about fourteen years prior to her father's death during which time she lived in her father's household. In addition to the testimony of appellant, who was the only witness in the case, we have before us certain stipulations of the parties.

The record discloses that the household of the deceased father consisted of appellant; Lucille Barnett, thirty-four years of age, an unmarried sister of appellant; Bessie Laws, thirty-three years of age, another sister married and separated from her husband; Norman Barnett, thirty years of age, a brother; and William Johnson, eighteen years of age, a son of Lucille Barnett.

We gather from the testimony that the household was operated as a family unit, each working member contributing a share of the expense which amounted to a little in excess of $300 per month. It appears that appellant acted as housekeeper and that she did "take care of the household, pay the bills and all that."

The decedent, Fount Barnett, was employed by appellees as a hod-carrier, receiving in wages when he worked from about $40 to $56 per week. Apparently this work was so intermittent that during the last year of his life he earned an average of only $12.55 per week. Appellees insist that this figure is not used as an argument that employee's wage was insufficient to entitle appellant to total dependency, since it was stipulated that his wage was sufficient to entitle any one totally dependent upon him to compensation at the rate claimed, but is given only to show the percentage of her whole support derived from the decedent's earnings during the year.

It is insisted that it was incumbent upon claimant to prove the fact and degree of dependency and that contributions made to pooled funds of a household must be shown to be in excess of an amount required for the support of the contributor. Layman Calloway Coal Co. v. Miracle, 224 Ky. 434, 6 S.W.2d 495; Miller v. Elkhorn Coal Corp., 284 Ky. 737, 145 S.W.2d 822; Clover Fork Coal Co. v. Ayres, 219 Ky. 326, 292 S.W. 803; and Kenmont Coal Co. v. Clark, 294 Ky. 226, 171 S.W.2d 242. The above cases and many others uphold this contention.

It is insisted that appellant failed to show that her father's earnings were in excess of an amount necessary to support himself and that there were no surplus earnings from which he could contribute to the support of appellant or any other member of the household.

The referee and full board were confronted with extreme difficulty in arriving at the degree of dependency. It is indeed difficult to define the circumstances specifically to be considered in establishing the fact of dependency. Certainly there must have been some reliance for support and maintenance upon the deceased employee. Ordinarily the test is not the relative ability to support but the reliance on the contributor for support. Dependency as an economic condition must exist. See 58 Am.Juris., Workmen's Compensation, Section 161 and ff. Apparently appellant was dependent but under this record she received less than her entire support from her father. Obviously, she received partial support from each contributing member of the household.

As stated above, claimant was the only witness to testify in this action. We deem it unnecessary to go into an extended discussion of probabilities and possibilities of contributions on the part of each member of this household. The testimony of this witness shows that for fourteen years she had been living with her father and had been receiving her entire support throughout that period either from her father or from the collective contributions of the members of the household. We cannot say that this evidence will not support a finding that the degree of dependency, determined by the portion that employee's wages contributed to the dependency, was twenty-five per cent. The referee so found, the full board in review upheld the referee and the Circuit Court on review affirmed the full board's award. Under these facts we are not disposed to reverse either on the appeal or the cross-appeal.

The judgment is affirmed on both the appeal and cross-appeal.