## LAWSON et al. v. HARLAN WALLINS COAL CORP.

Court of Appeals of Kentucky.
Nov. 21, 1952.

Rehearing Denied Jan. 23, 1953.

George R. Pope, Harlan, for appellants.

James Sampson, Harlan, for appellee.

CAMMACK, Chief Justice.

This is the second appeal of this case. See Harlan Wallins Coal Corporation v. Lawson, Ky., 242 S.W.2d 999. There we directed that the case be remanded to the Board for the making of appropriate orders because the Board had not made a finding of fact as to the extent of Lawson's disability resulting from a hernia. Before the Board made an award it gave the Coal Corporation an opportunity to offer Lawson a surgical operation. At its next regular meeting some two weeks later, the Board, upon finding that an operation had not been offered Lawson, made an award on the basis of total permanent disability.

After the case went back to the Board, the Coal Corporation filed a motion asking that Lawson be required to submit to an operation. The objection interposed by Lawson to that motion was that the offer came too late, because it was not made until some four years after he had sustained his injury. The Board so ruled, but the lower court set that order aside. The appeal is from that judgment.

The reasons given by the Board for its position follow:

"The question thus presented has given us considerable trouble. The section of the statutes providing for an operation for hernia, KRS 342.025, does not place any limitation of time as to when the operation should be offered, but we are of the opinion that it means that it should be offered rather promptly, because as we understand that section, if the operation is wholly successful, the employee is not entitled to compensation except for the period of temporary disability until the operation is performed and the employee able to return to work. If the employer waits for a long period of time before making a tender of an operation, as in this case, we think the employer would be liable for temporary compensation until such time as the workman has recovered from the operation and is able to return to work, but that does not afford full relief to an injured workman because if his trouble can be corrected within a few months after injury, and disability removed, he would then be able to earn a salary at his usual work, and which is, of course, a great deal more than what an injured workman receives by way of compensation. Therefore, we are of the opinion that an employer does not have the right to wait such a long period of time to offer an operation, and thereby cause the injured workman to be kept under disability and prevent him from earning wages which would be greatly in excess of the most that he could receive in the way of compensation."

We agree with the Board's reasoning. The Coal Corporation contends that the case of North East Coal Company v. Charles, 308 Ky. 558, 215 S.W.2d 275, expresses a contrary view. We do not so interpret that opinion. We held that the injured employee was entitled to his compensation, and as to the delayed qualified

offer for an operation we said that questions concerning it could be presented to the Board through proper channels.

In the case before us the question of the timeliness of the offer was before the Board, and, as we have said, we agree with the conclusion reached by the Board on the question. In passing, it may be noted that KRS 342.035(2) provides that the injured employee may not be compensated for an "unreasonable failure to submit to or follow any competent surgical treatment or medical aid or advice."

Judgment reversed, with directions to set it aside, and for the entry of a judgment approving the action of the Board.