Curtis MULLINS, Appellant,

v.

KENTUCKY WEST VIRGINIA GAS COM-
PANY et al., Appellees.

Court of Appeals of Kentucky.

Oct. 18, 1957.

———◇———

V. R. Bentley, Pikeville, for appellant.

Edward R. Hays, Baird & Hays, Pike-
ville, for appellees.

CAMMACK, Judge.

This appeal attacks the right of the trial
court to remand a compensation case to
the Workmen's Compensation Board a
second time following a reversal and re-
mand by this Court. The case is an out-
growth of a claim for compensation for
hernia filed in 1954 by Curtis Mullins, the
appellant, against the Kentucky West Vir-
ginia Gas Company, the appellee. The
Board denied the claim and its ruling was
affirmed by the Pike Circuit Court. We
reversed that judgment and directed that the
case be remanded to the Board because its
conclusion, that the hernia was connected
with a pre-existing condition, was not sup-
ported by any probative evidence. Mullins

v. Kentucky West Virginia Gas Company, Ky., 300 S.W.2d 553.

Upon remand the Board, on June 4, 1957, awarded the appellant total and permanent disability benefits and allowances for medical and hospitalization expenses. Unfortunately, a copy of that award is not in the record. We gather from briefs of the parties, however, that the Board said the appellee could not wait until it had litigated the question of liability and had exhausted its legal remedies before offering the appellant an operation for hernia repair. KRS 342.-025(3). See Lawson v. Harlan Wallins Coal Corporation, Ky., 253 S.W.2d 860, wherein we held that the offer of an operation made four years after the injury was too late.

On June 21, 1957, the appellee filed a complaint in the Pike Circuit Court seeking to have the case remanded to the Workmen's Compensation Board a second time with directions for it to delete the portion of its finding relative to an operation, and to require the appellant to submit to an operation. On June 22, 1957, acting apparently under KRS 342.305, the appellant filed his motion for judgment in conformity with the June 4th order of the Board. On June 28, 1957, he moved the trial court to dismiss the complaint of the appellee. This appeal is from an order and judgment overruling the appellant's motion to dismiss, denying his request for judgment, and remanding the case to the Board with directions to permit the appellee to move that the appellant be required to submit to an examination and an operation if feasible. The appellee has filed a motion to dismiss the appeal which has been passed to the merits.

The appellant contends that under KRS 342.125 the trial court was without authority to entertain the June 21 complaint of the appellee and to remand the case to the Board a second time. He requests that we reverse the ruling of the trial court and direct a judgment for him. The appellee contends that (1) the judgment and order of the trial court do not constitute an appealable order; and (2) the appellee is entitled to have the appellant examined to determine the feasibility of a hernia operation.

We believe that the order appealed from was an appealable order under KRS 342.290, since it authorized the Board to make an award different from the one made after the case was first remanded to it. It deprived the appellant of a vested right he held under the Board's order of June 4th. See Inland Steel Company v. Newsome, 281 Ky. 681, 136 S.W.2d 1077. It follows that the motion to dismiss is without merit.

Insofar as we are able to ascertain from the record it was not until June 19, 1957, that the appellee requested the appellant to submit to an operation as provided for in KRS 342.025(3). Furthermore, there is nothing in the record to show that the appellee ever attempted to raise the question of an examination or an operation when the case was first before the Board or following our decision on the first appeal.

The immediate question before us concerns the right of the trial court to remand the case a second time. We think he erred in so doing. Furthermore, the offer of an operation on June 19, 1957, more than three years after the injury, came too late. Lawson v. Harlan Wallins Coal Corporation, Ky., 253 S.W.2d 860.

Judgment reversed and remanded with directions that a judgment be entered consistent with this opinion.

MONTGOMERY, Judge (dissenting).

I cannot agree with the majority opinion that the offer of an operation came too late. This conclusion is based on the Lawson case cited. The express provision of KRS 342.025(2) making the offer of an operation contingent upon a determination of liability is not considered in either the Lawson case

or the majority opinion. This statute deals with hernia and, in part, reads:

"* * * In all such cases where liability for compensation exists, the employer shall, within the limits of KRS 342.020, provide competent surgical treatment by radical operation. * * *"

The offer of an operation is an opportunity for the employer to become relieved of the payment of compensation for disability by its removal. The employer has an election as to which course should be followed. In no event should such action be compelled or lost by passage of time, or otherwise, until liability is finally determined. There is an obligation to furnish surgical treatment only if there is liability.