v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Oct. 9, 1959.

W. N. BARNETT, Appellant,

v.

Alfred S. PORTWOOD, Chairman, etc., et al.,
Appellees.

Court of Appeals of Kentucky.

Oct. 9, 1959.

William A. Young, Frankfort, for appellant.

Thomas P. Bell, Frank M. Dailey, Frankfort; for appellees.

CULLEN, Commissioner.

E. H. Higgins was granted, by the Alcoholic Beverage Control Board, a retail package liquor license for premises located on the east side of U. S. Highway No. 41A about 14 miles south of Hopkinsville. As a condition of the granting, he was required to surrender a similar license he had held for several years covering premises on the same side of the same highway about one mile to the north. W. N. Barnett, who holds a similar license for premises located about one-half mile north of the place covered by Higgins' new license, protested Higgins' application for the new license before the A. B. C. Board, and appealed to the circuit court from the board's order granting the license. The circuit court entered judgment upholding the order, and Barnett is appealing to this court from that judgment.

■ Higgins submitted with his application for the new license a lease represented as covering the premises to be licensed, from the Higgins Realty Company, a corporation of which he is the principal stockholder. This lease described the premises merely as "A concrete block and glass store building," without any means of identification of its location by reference to highway, county, state, or otherwise. Barnett's first contention on this appeal is that the lease is invalid for want of adequate description of the premises and therefore Higgins has failed to meet the requirement of KRS 243.220(1) that he either be the owner of the premises or be in possession under a written lease.

The authorities relied upon by Barnett have to do with the question of enforceability of a lease *between the parties*, in case of an inadequate description. It is hardly to be imagined that Higgins, in his corporate character, could assert against himself, in his individual character, the invalidity of the lease on the ground of inadequacy of description. Higgins under his corporate cloak and Higgins individually knows where the premises are, and the location was identified in the testimony before the board. If the Higgins corporation is not in a position to assert invalidity of the lease, it would not seem that there is any basis for the board to find the lease invalid.

■ Another contention concerns the sufficiency of the published notice of Higgins' application for the license. The notice described the premises as being "a place of business to be known as The Hut, located in Christian County, east side of 41–A, 14 miles south of Hopkinsville, Ky." KRS 243.360(1) requires that the notice state "the location of the premises for which the license is sought." At the time Higgins' notice was published, construction of a building had not been commenced and the land was vacant. Barnett maintains that because of this fact the notice description was insufficient to enable an interested person to locate and inspect the premises. We think the description sufficiently identified the general location of the premises to enable any interested person to form an opinion as to whether the location would be objectionable and to enable the presentation of appropriate objections. Certainly, Barnett had no difficulty in determining where the premises were.

■ A third contention is that Higgins, upon the hearing before the board, did not maintain the burden of proving all facts necessary to entitle him to the license. This is on the theory that he did not show compliance with the requirements of KRS 243.230 as to the licensing of premises located outside the corporate limits of a city. The answer to this is that no issue was raised on the hearing concerning these requirements, and there was no occasion to do so, because the fact that the county had an adequate police force, as required by KRS 243.230, might well be assumed from the fact that both Higgins and Barnett had existing licenses for rural premises in the county.

■ Complaint is made that up until the time of the hearing before the full board, Higgins' application was presented and prosecuted as one for a new license, without suggestion of any surrender of his former license, but when the full board hearing was held the proceeding suddenly was transformed into one for a transfer of the old license to new premises. Barnett argues that he was taken by surprise and was not given a fair opportunity to meet the new issues thus raised. It appears from the record that at the outset of the full board hearing, Higgins stated his willingness and intent to surrender his old license. Thus, the ultimate result of the granting of the new license might be considered to be the same as if the old license had merely been transferred to new premises. However, the proceeding followed the course of procedure prescribed for applications for new licenses, and in fact a new license was issued. Apparently, the only effect of the surrender of the old license was to remove any argument about exceeding the license quota. Barnett did not raise any objection at the hearing about the alleged transformation of the character of the proceedings, nor did he plead surprise or ask for a continuance. There is no basis for a finding that he suffered any real prejudice.

■ The final contention is that Barnett was denied the right to cross-examine Higgins with respect to former violations of the liquor laws by Higgins or by his employes or associates. It appears that the alleged violations occurred a number of years ago, and the ruling of the board was that because of the lapse of time they would not be considered grounds for denying the license. Barnett does not indicate in what way his being permitted to go into this matter fully on cross-examination would have affected the board's decision to grant or deny the license. There is no real substance in this claim of error.

The judgment is affirmed.