**KNOTT COAL CORPORATION et al.,**
Appellants,

v.

**Hillard SMITH, Appellee.**

Court of Appeals of Kentucky.

Jan. 26, 1962.

Rehearing Denied March 23, 1962.

Harry C. Campbell, Pikeville, for appellant.

C. W. Napier, Hazard, Cordell H. Martin, Hindman, for appellee.

STEWART, Chief Justice.

The question that is determinative of this appeal is whether there was substantial evidence of probative value introduced which supports the finding of fact of the Workmen's Compensation Board that appellee, Hillard Smith, did not have an occupational disease that came within the purview of the Workmen's Compensation Act. See KRS Chapter 342.

Smith filed his application for compensation on May 26, 1958, upon the ground that he had become totally and permanently disabled by silicosis which was contracted while in the employ of appellant, Knott Coal Corporation.

The three doctors who testified for Smith at the hearing gave varied opinions as to the nature of his ailment. One stated he had emphysema and mild pneumoconiosis; another diagnosed his condition to be anthrasilicosis; and another called it bronchitis and emphysema. The two doctors who testified for Knott Coal Corporation said unequivocally that Smith had emphysema. All the doctors agreed that he was totally and permanently disabled and the Board so held, finding the cause of the disability to be emphysema. The Board ruled emphysema was not an occupational disease within the purview of the Act and dismissed Smith's claim. Another reason for denying his claim was also relied upon by the Board but we need not give any consideration to this.

The circuit court in reviewing the proceeding when Smith appealed to it reversed the Board's finding, ruling that Smith's disability was the result of silicosis due to his exposure to silica dust while working in the mine of the Knott Coal Corporation. The case was ordered remanded to the Board for an award consistent with its hold-

514

ing. This appeal is from the judgment of the trial court.

The rule to be followed in reviewing compensation cases has been stated many times. See Volume 19 (Part 2) of Kentucky Digest, Workmen's Compensation, ☞1939. It is that any finding of the Board on a question of fact will not be set aside on an appeal to either circuit court or the Court of Appeals if there is any substantial evidence of probative value to support it. In this case, there was ample evidence of this character in the record to uphold the Board's decision. The medical evidence as noted above is self-explanatory and affords an adequate basis for the Board's finding.

Wherefore, the judgment is reversed with directions that it be set aside and a new one be entered confirming the order of the Board.