BROWN HOTEL COMPANY, Appellant,

v.

Zula P. ELMORE et al., Appellees.

Court of Appeals of Kentucky.

March 23, 1962.

Rehearing Denied March 22, 1963.

S. L. Greenebaum, Charles F. Wood, Greenebaum, Barnett, Wood & Doll and Thomas C. Carroll, Louisville, for appellant.

Christopher C. Frishe, Paul E. Tierney, Legal Section, Dept. of Economic Security, Div. of Unemployment Ins., Frankfort, for appellees.

MONTGOMERY, Judge.

This case was considered with Brown Hotel Company v. Edwards, Ky., 365 S.W. 2d 299, and other cases (decided this day).

Zula P. Elmore was employed at the Kentucky Hotel, operated by the Brown Hotel Company, from April 27 to August 23, 1954, when she was laid off due to a reduction in the working force. She was recalled to work on August 27, September 19, and October 15, 1954. Zula's employment had been in the laundry. On recall, she was offered employment in the pantry preparing salads.

The employment in the pantry would have been in cooler surroundings at the same pay and hours with an opportunity for advancement. She refused the employment on the first two recalls for two reasons: lack of experience and rash on her hands. On the third call, she said the rash had disappeared but that she couldn't do the type of work offered. The uncontradicted evidence introduced at the hearing before the Kentucky Unemployment Insurance Commission referee was to the effect that no experience was needed for the work offered and that it was customary to employ unskilled persons and to train them. It also was uncontradicted that the offer of employment was kept open until January 3, 1955, the date when claim for benefits was filed, and that the offer of employment was renewed at the referee's hearing on April 25, 1955. Zula did not attend the hearing and did not testify.

The circuit court found that there was nothing in the record to show the availability of Zula for suitable work on the date of her application for benefits. The only statement in the record from Zula is the one made on February 14, 1955, to an examiner for the Commission. Her statement contains the following:

"Some time after the hotel laid me off the manager called me telling me he had a job for me working around food. Something I did not know anything about. I told the manager plus

the fact I had a little ailment (rash) at the time did not accept the offer of work."

■ The referee and Commission held that appellant's reserve account was chargeable with the benefits paid Zula. The circuit court adjudged that the matter be remanded to the Commission for further proceedings to determine the availability or nonavailability of Zula for suitable work on the date of her claim for benefits. For this reason, the Commission argues that appellant's appeal is premature because of a failure to exhaust its administrative remedy. No motion to dismiss the appeal has been made. However, in workmen's compensation cases an order of the circuit court remanding the case to the Board has been held to be a final order and appealable. Searcy v. Three Point Coal Company, 280 Ky. 683, 134 S.W.2d 228; Department of Highways v. Giles, 284 Ky. 846, 146 S.W.2d 37; Kenmont Coal Company v. Clark, 294 Ky. 226, 171 S.W.2d 242; Mullins v. Kentucky West Virginia Gas Company, Ky., 307 S.W.2d 169. There is no apparent reason why the same rule should not obtain here. There is no merit in the contention.

■ There is no showing in the record of this case that the employee met the conditions of being able and available for suitable work in order to be eligible for benefits. KRS 341.350(3) and (4). The application for a determination of benefits contains no such showing. The claimant failed to show an eligibility for benefits while the employer showed, without contradiction, offers of suitable work. KRS 341.370(1) (a). Brown Hotel Company v. Edwards, Ky., 365 S.W.2d 299. The award made by the referee and confirmed by the Commission was erroneous. Appellant's reserve account is not chargeable with the benefits paid to Zula. KRS 341.420(3).

The motion for an appeal is sustained and the judgment is reversed.

BIRD, J., dissents.