**HARDAWAY CONTRACTING COMPANY, Appellant,**

**v.**

**Edward MERSHALL et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 23, 1962.

S. J. Stallings, Louisville, for appellant.

Hanish & Hanish, James Levin, Louisville, for appellees.

BIRD, Judge.

Edward Mershall, while employed by Hardaway Contracting Company, received an injury compensable under the Workmen's Compensation Act. Being covered by the Act he filed his claim for compensation against the company.

The case was heard by a referee who awarded compensation for a partial permanent disability and certain medical expenditures. The employee, Mershall, being dissatisfied with his recovery applied for a review by the full Board.

Upon sustaining the motion for review, the Board upon its own motion designated a physician to examine the claimant, Mershall, for the purpose of determining the extent and probable duration of the injury. The physician was especially directed to determine what portion, if any, of Mershall's disability resulted from congenital or preexisting causes and what portion, if any, was due directly to the injury. The examination was made. The physician gave his deposition. The case was submitted and the Board awarded the employee more than had been originally awarded by the referee.

The employer petitioned for review in the Jefferson Circuit Court. The Jefferson Circuit Court affirmed the award of the Board. Consequently the employer has appealed to this Court.

There is conflict of the medical testimony in this case. After careful

scrutiny we have concluded that the medical testimony together with the employee's testimony provides sufficient evidence of probative value to warrant the Board's findings of fact and this Court will not disturb such findings on appeal. Knott Coal Corporation v. Smith, Ky., 354 S.W.2d 513. It is the further conclusion of this Court that the findings of fact support the award.

■ It is insisted however that the Board erred by invoking KRS 342.315 and designating a physician to examine Mershall. We find no limitation on the Board's authority to designate physicians under KR S 342.315. If we could read some limitation into the wording of the statute, the conflict of medical testimony would of itself be sufficient to justify the appointment.

■ The employer further contends that the Board abused its discretion in not naming three physicians as authorized by the Act rather than one. The Act says the Board may appoint "not more than three." The Act further provides that the appointment may be made on motion of either party. So far as the record discloses the employer made no motion for other physicians and made no complaint of the Board's appointment of a single physician.

If there was ever any legal right to object to the Board's selection of a single physician, the employer waived that right by not moving for the appointment of other physicians before the Board made its final determination.

■ The employer further complains that the Board erred in not directing the appointed physician to consider the employee's dental condition and the effect, if any, that it might have on the employee's disability to the body as a whole.

■ There was testimony in the record concerning the condition of the employee's teeth, a condition which had no connection with the injury upon which his claim for compensation is based. The employer insists that this testimony required the Board, in its directive to the physician, to point out the employee's dental condition and direct the physician to determine what portion of the employee's disability is attributable to his teeth. No law is cited by the employer to support this position and indeed we have found no law requiring the Board to specifically direct the appointed physician to make a finding on any particular condition of the body. If, however, there are specific questions that the Board wants answered, the Board may in its discretion make those questions known to the physician and not be in error for failing to set forth other questions that the parties may want answered. The Board, upon a motion by either party, would most likely ask the appointed physician to so examine the patient in order that he will be prepared to answer, if possible, a question suggested by a party, but then it would be within the discretion of the Board. There is nothing in the record to show that such a motion was made and we see no error in the Board's failure to so direct the physician.

■ The record discloses that the appointed physician, during the course of his examination, had in his possession a copy of the referee's "opinion and award" in which previous medical testimony was discussed. The employer contends that it was error for the appointed physician to have this document before him. In support of this position the employer cites the Minnesota case of Swider v. Pillsbury Mills, 231 Minn. 210, 42 N.W.2d 560. While we agree with the holding in that case we cannot apply it here. In that case a timely motion was made to strike the physician's testimony from the record during the hearing before the Industrial Commission. Such motion or other objection to the physician's testimony is not disclosed by the record before us. If there was error it was waived in failing to make a timely objection.

The record discloses no reversible error. The judgment is therefore affirmed.