**Riley DURBIN et al., Appellants,**

**v.**

**Ben S. WOOD, d/b/a Ben S. Wood No. 2, et al., Appellees.**

Court of Appeals of Kentucky.

June 28, 1963.

George M. Catlett, Frankfort, Robert B. Reed, Paducah, for appellants.

Frank Dailey, Frankfort, David R. Reed, Paducah, for appellees.

WADDILL, Commissioner.

The appeal is from a judgment of the Franklin Circuit Court upholding an order of the Alcoholic Beverage Control Board granting the appellee, Ben S. Wood, a retail package liquor license, a retail drink license and a beer license for premises located in McCracken County. The appellants, who protested the issuance of these licenses, urge that the published notice of Wood's application failed to satisfy the

mandatory requirements of KRS 243.360(1) in that it did not sufficiently describe the location of the premises for which the licenses were sought.

■ The notice in question described the premises as "Ben Wood No. 2, Route 2, Boaz, Kentucky." The applicable provision of KRS 243.360(1) requires that the notice state "the location of the premises for which the license is sought." The purpose of this subsection of the statute is to notify the public of the proposed use of specific property so that any member of the public is afforded an opportunity to file a protest against the issuance of a license for that location. Barnett v. Portwood, Ky., 328 S.W.2d 164. It is our opinion that the quoted description is so indefinite that it gives no notice of the proposed use of any particular property. Hence, there was no compliance with the requirement of KRS 243.360(1) and, under this view, the Alcoholic Beverage Control Board is compelled by KRS 243.450 to refuse to issue the licenses sought by Wood.

■ The contention that any insufficiency of the published notice, previously discussed, was cured by a subsequent notice published after Wood had filed his application with the Distilled Spirit and Malt Beverage Administrators is unavailing because KRS 243.360(1) provides that an applicant (such as Wood) must publish his notice *before* applying for a license. The further contention that the insufficiency of notice was waived by the failure to raise this objection before the Alcoholic Beverage Control Board is without merit because the fulfillment of the notice requirement of KRS 243.360(1) cannot be waived since it is a condition of eligibility which is made mandatory by the provisions of KRS 243.-450.

The judgment is reversed with directions to enter a judgment remanding the case to the Alcoholic Beverage Control Board for the entry of an order dismissing the applications for the licenses sought by Wood.