TECON CORPORATION, Appellant,

v.

Irvin M. OSER et al., Appellee.

Court of Appeals of Kentucky.

Dec. 11, 1964.

David R. Reed, Paducah, for appellant.

Pal G. Howard and John C. Lovett, Benton, for appellee.

WADDILL, Commissioner.

The appeal is from a judgment setting aside an order of the Workmen's Compensation Board refusing to grant appellee, Irvin M. Oser, compensation benefits provided for permanent disability.

Oser was employed as a manual laborer by appellant, Tecon Corporation, on the site of Barkley Dam. On November 12, 1959, he was carrying on his shoulder one end of a length of steel pipe when his co-worker dropped the other end. This caused a jarring against his neck but he did not believe he had received any injury of significance and continued to work. On November 13, 1959, a heavy timber fell across his ankle and knocked him to the ground. Oser gave notice of and claimed permanent disability from the latter accident.

Following a hearing the Board awarded Oser compensation for temporary total disability for 26 weeks plus medical benefits but found that he suffered no permanent disability from the accident he sustained on November 13, 1959. Upon review pursuant to KRS 342.285 the circuit court decided that Oser was entitled to an award of compensation for permanent disability and remanded the case to the Board for entry of an award. Tecon has appealed.

■ We are confronted with the preliminary question of whether the appeal is from an interlocutory order. The answer is that a judgment setting aside an order of the Workmen's Compensation Board and remanding the case to the Board for the entry of an award is final and appealable. Brown Hotel Co. v. Elmore, Ky., 365 S.W.2d 309. Also we observe that the circuit court was of the opinion that the Board did not make sufficient findings of fact on material issues as required by KRS 342.275. We hold, as previously indicated, that they are sufficiently stated to satisfy this statute.

The only issue that was presented for the Board's determination was the extent and duration of Oser's disability. Tecon had voluntarily paid Oser maximum compensation benefits for ten weeks.

■ Several physicians examined Oser for the purpose of ascertaining whether he had sustained an injury causing his alleged permanent disability. The Board accepted the testimony of the medical experts who testified, in effect, that their comprehensive examinations of Oser over a period of seven months after his accident failed to disclose any objective findings of a permanent injury that could reasonably be attributed to his employment. This evidence amply justifies the Board's finding that Oser has no compensable permanent disability and the circuit court as well as this Court is bound by such finding. Knott Coal Corp. v. Smith, Ky., 354 S.W.2d 513.

The judgment is reversed with directions to enter a new one upholding the order and award of the Board.