JEWELL RIDGE COAL COMPANY, Appellant,

v.

Ed McDOWELL and Workmen's Compensation Board et al., Appellees.

Court of Appeals of Kentucky.

June 25, 1965.

Maxwell P. Barret, Reeves, Barret & Cooper, Hazard, for appellant.

Cordell H. Martin, Hindman, Robert Matthews, Atty. Gen., Frankfort, Rudy Yessin, Edward L. Fossett, Smith, Reed, Yessin & Davis, Frankfort, for appellees.

WADDILL, Commissioner.

This is an appeal from a judgment which vacates an order of the Workmen's Compensation Board dismissing appellee McDowell's claim against the appellant coal company for compensation. The judgment also directs the Board to reopen the case and permit the parties to take further medical testimony to explain or contradict the evidence of the physician appointed by the Board pursuant to the provisions of KRS 342.315.

■ Prior to our consideration of the questions raised by the coal company we will dispose of McDowell's contention that the judgment is interlocutory and therefore not appealable. This contention is without merit because the judgment authorizes the Board to reconsider the merits of the case and to enter an award which would deprive the coal company of a substantial right it obtained by the Board's former order. We hold that the judgment is final and appealable. Mullins v. Kentucky West Virginia Gas Company, Ky., 307 S.W.2d 169; Kenmont Coal Co. v. Clark, 294 Ky. 226, 171 S.W.2d 242.

The coal company contends that the circuit court erred in ordering the Board to reopen the case and permit the parties to introduce further testimony for the purpose

of rebutting or supporting the testimony of the physician appointed by the Board.

The provisions of KRS 342.315 read in part:

"(1) The board, or any member thereof, may, upon the application of either party or upon its own motion, appoint not more than three disinterested and duly qualified physicians or surgeons to make any necessary medical examination of the employe and to testify in respect thereto. Such physicians or surgeons shall file with the board within fifteen days after such examination their joint report in writing. * * *"

The Board's order appointing Dr. Oscar O. Miller under this section was entered after it had sustained a motion for review under KRS 342.280 and upon a record reflecting a sharp conflict between certain medical experts concerning whether McDowell had contracted an occupational disease. Neither party to the proceedings objected to the appointment of Dr. Miller to conduct the examination. Following his examination of McDowell, Dr. Miller filed a comprehensive written report with the Board which contains his conclusions in these words:

"Negative for pulmonary tuberculosis; negative for cancer; negative for silicosis; negative for anthracosis. The findings are compatible with a moderate emphysema throughout both lungs."

Thereafter McDowell moved the Board to set aside the order appointing Dr. Miller on the grounds that his medical report was not responsive to the Board's order in that Dr. Miller failed to make findings as to "the plaintiff's nature, cause, and probable duration of disability, if any." Objection was also made that Dr. Miller "discussed the case with McDowell" and thus became informed as to "facts of the case," and furthermore that copies of the medical report were not furnished to McDowell or his

counsel and the evaluation is not a true independent evaluation of McDowell's condition.

The Board passed the motion to the consideration of the case on its merits and gave all parties notice that a referee of the Board would take Dr. Miller's deposition. The parties were present when Dr. Miller's deposition was taken and counsel for McDowell cross-examined Dr. Miller but was unable to alter his opinion that McDowell did not have silicosis.

McDowell filed a motion to strike Dr. Miller's deposition from the record on the ground that "such procedure is arbitrary on the part of the Board due to the fact that McDowell has no way of rebutting the testimony here adduced by the Board by other competent physicians."

Subsequently the Board overruled the motions made by McDowell and proceeded to decide the case. We quote from the written opinion of the Board concerning its findings:

"Upon the basis of the entire record, including the report and the deposition of Dr. Miller, the Board now finds that plaintiff [McDowell] has no compensable disability and his claim is now dismissed."

The circuit court took a different view of the case and found that "it was not necessary for the Board to appoint a physician, unless it would permit the parties a reasonable time after the filing of the report by the physician to take further medical proof to explain or contradict the evidence of the appointed physician." The circuit court was of the opinion that, since the proof was conflicting as to whether McDowell had sustained a disability from an occupational disease within the meaning of KRS 342.316, it was error for the Board to delegate its fact-finding responsibility to the appointed physician.

The Board has the right to use its discretion in appointing one or more

disinterested physicians to make a medical examination of a compensation claimant when a medical question is in controversy. KRS 342.315; Thompson v. Mayflower Coal Co., Ky., 379 S.W.2d 459. The statute also authorizes the appointed physician (or physicians) to file a written report of his findings and to testify with respect thereto. The Board complied with these provisions and neither the medical qualifications nor the impartiality of Dr. Miller was questioned. The mere allegation that Dr. Miller discussed the case with McDowell furnished no legal basis for striking Dr. Miller's medical report or his deposition. The allegation that his report was not responsive to the Board's order appointing him is contradicted by the medical report itself. The further allegations of error with regard to this report are of no significance since the parties had an opportunity to cross-examine Dr. Miller. Under this state of the record the Board did not err in considering Dr. Miller's testimony. Hardaway Contracting Co. v. Mershall, Ky., 362 S.W.2d 491.

The contention that the Board should have permitted the parties an extension of time in which to take further medical testimony to rebut Dr. Miller's deposition is also without merit. The record contains no motion or request of the parties to take further proof in the case. Nor was the Board required on its own motion to grant the parties an opportunity to introduce further medical evidence. In the absence of an appropriate showing that the medical report of Dr. Miller was erroneous we have no doubt that the Board did not abuse its discretion in bringing this controversy to a close.

It is also our opinion that the Board did not erroneously delegate its fact-finding responsibility to Dr. Miller. While it does appear that the Board came to the same conclusion as Dr. Miller this circumstance cannot be argued as a basis of error. Moreover, the record discloses that the Board made an independent finding upon its consideration of the entire record. The procedure followed by the Board, whether it accepted or rejected a disinterested physician's opinion, has been approved by this Court. Holland v. Childers Coal Company, Ky., 384 S.W.2d 293. American Radiator & Standard San. Corp. v. Givens, Ky., 383 S.W.2d 690; Hardaway Contracting Company v. Mershall, Ky., 362 S.W.2d 491.

McDowell and his witnesses failed to convince the Board as a fact-finder that he was disabled from an occupational disease. Having failed in this effort and having failed to show any error as a matter of law, neither this Court nor the circuit court is authorized to vacate the finding of the Board.

The judgment is reversed with directions to set it aside and to enter a new one upholding the order of the Board dismissing McDowell's claim for compensation.