Ruby SUTER, etc., et al., Appellants,

v.

Jack PITTMAN et al., Appellees.

Court of Appeals of Kentucky.

Feb. 7, 1969.

Julius Rather, Lexington, J. D. Buckman, Jr., Frankfort, for Ruby Suter.

John Darnell, Frankfort, for Alcoholic Beverage Control Board.

William A. Young, Frankfort, John G. Wright, Warsaw, for appellees.

MONTGOMERY, Chief Justice.

This appeal concerns the correctness of two judgments in circuit court entered on separate appeals from the Alcoholic Beverage Control Board in civil actions numbered 68144 and 69301. In each action Ruby Suter lost and Jewell Pittman won. The question is: "Who gets the retail package liquor license?" The actions were consolidated in the circuit court and the judgments are questioned in a single appeal.

Ruby and June Suter, owners of the Brown Hotel in Warsaw since 1948, have leased the hotel to a succession of lessees. The leases have contained a provision, in substance, that the liquor license, even though in the name of the lessee, belongs to the lessor. ABC Regulation 3.10 requires the ownership of a license to be listed with the Board.

In 1962, Jack and Jewell Pittman purchased the liquor business from the then lessee and continued to operate the liquor business at the Brown Hotel under a lease made by Jack Pittman with the Suters. In 1965, the Suters and the Pittmans had a disagreement and the lease was not renewed.

On June 24, 1965, the Pittmans applied for a renewal of their license at a new location, Market and Third Streets in Warsaw. The Suters in an action in the Gallatin Circuit Court obtained an order temporarily enjoining the Pittmans from moving the license. The order was dissolved as to Jewell Pittman because she was not a party to the lease. The name of Jack Pittman was then withdrawn from the application for the liquor license. This action is the assigned basis for the holding of the Board that the publication of notice on the application was defective in that it contained both names.

The circuit court found that the publication of notice was legally sufficient to meet the requirements of KRS 243.360; that the Board had properly permitted the name of Jack Pittman to be withdrawn; and that the Board had permitted such deletions on numerous occasions without the necessity of new or additional advertisement for a reissue of such license; and then concluded that such a deletion did not constitute a material alteration in the application of such character as to require new or additional advertisement. The case was remanded to the Board to be heard on its merits.

■ Jewell Pittman attacks Ruby Suter's appeal from the order remanding the case on the ground that it is not final. It is urged that an order to remand is not an appealable order. The contrary has been held. Mullins v. Kentucky West Virginia Gas Company, Ky., 307 S.W.2d 169; Brown Hotel Company v. Elmore, Ky., 365 S.W.2d 309; Tecon Corporation v. Oser, Ky., 385 S.W.2d 55; Jewell Ridge Coal Company v. McDowell, Ky., 392 S.W.2d 59. The motion to dismiss the appeal has no merit.

■ The purpose of the required statutory advertisement is to give notice as to the persons applying and the location of the premises where the license is to be exercised so that any member of the public may make objection concerning such use of the premises. Barnett v. Portwood, Ky., 328 S.W.2d 164; Durbin v. Wood, Ky., 369 S.W.2d 125. Here, the publication gave notice that Jack and Jewell Pittman would seek a liquor license for certain definitely-described premises. The deletion of the name of Jack Pittman from the application after publication of the notice would make no difference to anyone seeking to protest. The circuit court correctly held that the deletion was not a material change.

■ Ruby Suter, who protested the Pittman application, also filed an application for the same type of license for the Brown Hotel location. The Board, having denied Jewell Pittman a license because of the so-called defective publication of notice, awarded a license to Ruby Suter, from which order Jewell Pittman appealed in civil action number 69301. The circuit court, in effect, held that there was no quota on which to issue Ruby Suter a license and the Board's order granting one was in error. This judgment was entered three days after the judgment in civil action number 68144. This was based on the reasoning that the application of Jewell Pittman was still to be determined on its merits and until it has been denied there is no license available.

Gallatin County has a quota of one retail package liquor license. The license at stake here apparently falls in the "grand-fathered in" category.

While the Board undertook to base its decision to issue the license to Ruby Suter on a temporary order in the lawsuit between the Suters and the Pittmans in the Gallatin Circuit Court, Jewell Pittman was not a party to the lease in that controversy. The Franklin Circuit Court concluded that the orders in the Gallatin Circuit Court were an ineffective effort to adjudicate the rights of Jewell Pittman to the license and that there was no existing va-

cancy in the quota at the time the application was filed by Ruby Suter. Such conclusions are correct.

Judgment affirmed.

All concur.