Lela M. **IRELAND,** Administratrix of the
Estate of Emmett Carroll Ireland,
Deceased, Appellant,

v.

**LIBERTY MUTUAL INSURANCE COM-
PANY et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 29, 1971.

Glay E. Maggard, Wilson & Maggard,
Munfordville, for appellant.

Stuart E. Alexander, Louisville, for ap-
pellees.

DAVIS, Commissioner.

This workmen's compensation proceeding
was instituted by the personal representa-
tive of Emmett Carroll Ireland (Emmett),
asserting entitlement to compensation
benefits by decedent's surviving parents on
the basis of their alleged 100% dependency
upon the decedent. KRS 342.070, 342.075.
The Board denied any award, and that rul-
ing was affirmed by the circuit court. On
this appeal the claimants assert that they
showed beyond any doubt that they were
dependents of Emmett at the time of his
death, if not totally, at least partially, and
insist that the Board's findings are not sup-
ported by competent evidence.

At the time of his fatal accident on June
6, 1968, Emmett was twenty-three years
old and unmarried. His weekly wage was
based on a forty-hour week at $4.25 per
hour, or $170 per week. It was shown that
he lived with his parents at Hodgenville
and contributed about $35 per week to
them, estimated by them as about $20 per
week for groceries with the balance at-
tributable to "work around the home and
just necessities around the home and
things we really needed."

Emmett's father was seventy years old,
and his mother was sixty-six at the time of
Emmett's death. The father received so-
cial security payments of $53 per month,
and the mother drew $43 per month in so-
cial security benefits. Neither of them was
gainfully employed.

 The president of a bank in Hodgen-
ville, of which Emmett's father was a pa-

tron, testified that the father had furnished a financial statement to the bank on February 8, 1969, some eight months after the fatal accident. In that statement the net worth of Emmett's father was shown as about $105,000. The banker testified that the elder Ireland enjoyed a "line of credit" at the bank which had been maintained for several years. The appellant correctly observes that the question of dependency is to be determined as of the date of the death of the employee, Vogt & Conant Company v. Boelhauf, Ky., 317 S.W.2d 163, but incorrectly contends that the banker's evidence should be disregarded entirely since it referred to a date subsequent to Emmett's death. It is plain that the banker's testimony, in the absence of some explanation indicating an extraordinary upswing in the financial affairs of Mr. Ireland, warranted an inference that his financial condition at the time of Emmett's death was substantially the same as it was when the financial statement was given.

Under KRS 342.075 the surviving parents are not within the class presumed dependent upon a deceased employee, but are eligible as possible claimants "in accordance with the facts of each case existing at the time of the accident." KRS 342.075 (2).

It was noted in Kenmont Coal Company v. Clark, 294 Ky. 226, 171 S.W.2d 242, 244:

"In construing this statute [KRS 342.-075] we have held that to establish dependency it must be shown that the contributions made by an employee exceed in value what he received at the hands of the alleged dependents."

In the present case the Board may well have believed that the contributions shown to have been made by Emmett were noth-

ing more than *pro tanto* payment by him to his parents for the room and board furnished to him by them.

In accord with the familiar rule obtaining in this type case, this court may not substitute its judgment for that of the Board on factual questions unless it can be said that the Board acted without or in excess of its powers, the order, decision, or award was procured by fraud, or is not in conformity with the provisions of KRS Chapter 342, or is clearly erroneous on the basis of reliable, probative, and material evidence in the record, or is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. KRS 342.285(3).

■ The question is not whether the Board's finding was supported by the evidence. The risk of nonpersuasion was upon the appellant. The evidence in appellant's behalf was not so conclusive as to require the Board to find for her, nor can it be said that the Board's failure to find for appellant was arbitrary or unreasonable upon the entire record. The net effect of the Board's finding is that the Board was not persuaded by the evidence that appellant had established dependency. This is not to say that the Board's finding amounts to an affirmative determination that the parents were *not* Emmett's dependents, but rather that the Board concluded that they failed to convince the Board that they were such dependents. In these circumstances, the finding of the Board must stand. Cf. Young v. Dale, Ky., 446 S.W.2d 288, 290, and Workman v. Wesley Manor Methodist Home, Ky., 462 S.W.2d 898 (this day decided).

The judgment is affirmed.

All concur.