**Denver DAVIS, Appellant,**

v.

**SOUTHEASTERN STONE QUARRIES, INC., et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 26, 1971.

Charles G. Cole, Earl L. Cole, Cole & Cole, Barbourville, for appellant.

Robert J. Greene, Perry & Greene, Paintsville, for appellees.

NEIKIRK, Judge.

The Bell Circuit Court affirmed a final order of the Kentucky Workmen's Compensation Board dismissing the claim of Denver Davis against Southeastern Stone Quarries, Inc. Davis appeals. We affirm.

The Board found, and the circuit court concurred, that the injury sustained by the appellant did not arise out of and in the course of his employment.

The appellee, a Kentucky corporation, at the time appellant was injured was operating a stone quarry in Ewing, Virginia. The appellant lived in Barbourville, Kentucky, some twenty miles from the site of the quarry. Appellant commuted daily to Ewing. On the date of the accident, the appellant was returning home in an automobile driven by E. J. Barton, a fellow-employee. Just after crossing into Kentucky, a tire blew out on the car, causing it to hit a post, and the appellant sustained disabling injuries. The automobile was owned by Knox Motor Company of Barbourville, Kentucky.

Oscar Parsons owned one-half of the Knox Motor Company and 100% of the stock of the appellee corporation, Southeastern Stone Quarries, Inc. Appellant contends that the automobile in which he was riding as a passenger was furnished by the appellee corporation to its employees as a means of transportation to and from work in the quarry, although the car was owned by the Knox Motor Company. Appellant points out that Oscar Parsons owned one-half of the Knox Motor Company and owned the appellee corporation, and reasons that for all purposes the corporation was, in truth, the one furnishing the automobile for transportation of its employees and thus liable to the appellant for his injuries.

■ Under the accepted "going and coming" rule, if an employee is injured while going to or from his employment the injury does not arise out of and in the course of his employment. Black v. Tichenor, Ky., 396 S.W.2d 794. Appellant points out an exception to the general rule where the employee is injured while going to or from the site of his employment in a motor vehicle furnished by the employer. Harlan Collieries Co. v. Shell, Ky., 239 S.W.2d 923.

■ We do not think it essential to detail all the evidence, pro and con, on the issue of who was furnishing the motor vehicle. From all the evidence, we are not persuaded that a finding was required that the appellee corporation furnished transportation to the appellant to and from his work.

The Board in this case made a positive finding of fact that the injuries sustained by the appellant did not arise out of and in the course of his employment, and stated: "The evidence preponderates to the effect that Plaintiff is within the 'going and coming' rule."

■ Since the finding was against the claimant, who had the burden of proof, it would have been preferable for the Board simply to make the negative finding that it was not convinced of the essential fact the claimant undertook to prove. A positive finding invites the argument that such a finding is not supported by substantial evidence. It is not necessary that a merely negative finding be so supported. Workman v. Wesley Manor Methodist Home, Ky., 462 S.W.2d 898 (decided January 29, 1971); Ireland v. Liberty Mutual Insurance Company, Ky., 462 S.W.2d 903 (decided January 29, 1971).

We agree with the conclusion of the Board, affirmed by the circuit court, that the appellant came under the "going and coming" rule and did not attain the status of having been injured in the course of his employment.

The judgment is affirmed.

All concur.