Ashley Ward **BUTCHER**, Appellant,

v.

**ISLAND CREEK COAL COMPANY** et al.,
Appellees.

Court of Appeals of Kentucky.

March 19, 1971.

---

Robert J. Greene, Perry & Greene, Paintsville, for appellant.

Fred G. Francis, Prestonsburg, for Island Creek Coal Co., Broad Valley Coal Co., and Evans Elkhorn Coal·Co.

Martin Glazer, Department of Labor, Frankfort, for John W. Young, Comm'r of Labor and Custodian of Special Fund.

NEIKIRK, Judge.

Ashley Ward Butcher filed a claim before the Workmen's Compensation Board, alleging that he was totally and permanently disabled to continue working as a coal miner due to the occupational disease of silicosis. Butcher presented a number of doctors who testified that he had an occupational disease. The employer and the Special Fund presented doctors who stated that he did not have an occupational disease. Because of the conflict in testimony, the Board on its own motion, pursuant to KRS 342.315, appointed a doctor to examine Butcher. The Board-appointed doctor found that Butcher did not have pneumoconiosis or silicosis but that he did have chronic bronchitis. When asked if Butcher's bronchitis had its origin in the course of his employment, the doctor responded that it was possible. The Board denied compensation.

Butcher appealed to the Floyd Circuit Court from the order of the Board. The Floyd Circuit Court affirmed the Board. Butcher appeals. We affirm.

The record reflects a wide range of views of the various doctors who examined Butcher. Some of the medical experts testified that the appellant had silicosis. Others testified that Butcher was suffering from emphysema. One doctor stated that Butcher had a heart disease, nonoccupational-related, that would disable him. Three of the doctors testified that the appellant did not have any occupational disease. The court-appointed doctor stated that in his opinion Butcher had bronchitis but that he showed no evidence of dust infiltration from his work.

Presented with the disputed evidence, the Board found that Butcher did not have an occupational disease and thus was not entitled to compensation.

■ Since the finding was against the claimant, who had the burden of proof, it would have been preferable for the Board

simply to make the negative finding that it was not convinced of the essential fact the claimant undertook to prove. A positive finding invites the argument that such a finding is not supported by substantial evidence. It is not necessary that a merely negative finding be so supported. Workman v. Wesley Manor Methodist Home, Ky., 462 S.W.2d 898; Ireland v. Liberty Mutual Insurance Company, Ky., 462 S.W. 2d 903; Davis v. Southeastern Stone Quarries, Inc., Ky., 464 S.W.2d 258 (decided February 26, 1971).

■ The evidence for the claimant was not such as to require a finding for him. Accordingly, the Board's decision is not erroneous.

The judgment is affirmed.

All concur.