**Gaynell Lewallen DUGGINS, etc.,**
**Appellant,**

v.

**KOSMOS PORTLAND CEMENT COMPANY**
**et al., Appellees.**

Court of Appeals of Kentucky.

March 3, 1972.

John Frith Stewart, Segal, Isenberg, Sales & Stewart, Louisville, for appellant.

James M. Graves, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for Kosmos Portland Cement Company and American Mutual Liability Ins. Co.

Gemma Harding, Louisville, for John W. Young, Comm'r, Workmen's Compensation Board, and Special Fund.

NEIKIRK, Judge.

After sustaining an injury to his thumb and hand in the course of his employment, Carl S. Duggins filed a claim with the Workmen's Compensation Board. He claimed disability not only from the injury, but also from an alleged lung condition. He had been employed as a welder and had worked for the Kosmos Portland Cement Company continuously for approximately fourteen years. Before the Board heard the claim, Duggins died of heart failure. An amended claim was filed by his widow, seeking compensation for temporary disability from the injury to decedent's thumb and hand and for death benefits. The Special Fund was made a party due to the possibility that the occupational exposure of the decedent to fumes, dust, and smoke in the cement plant had aroused a dormant pre-existing disease condition into disabling reality.

The Board awarded medical and temporary total disability benefits due to the traumatic injury to the decedent's thumb and hand.

The Board found that the death of Duggins was due to natural causes and a severe lung condition of long standing rather than an occupational disease, and dismissed the

death claim. The Jefferson Circuit Court affirmed. We affirm.

The appellant contends that the Board erred as a fact-finding body when it determined that the appellant had failed to establish that Duggins had an occupational disease, or that his employment had aroused a dormant disease condition into disabling reality that resulted in death.

We do not consider it essential to detail the voluminous evidence pro and con. The Board considered all the evidence, including medical and lay testimony, and found adversely to appellant's contentions. We have reviewed the same evidence and considered all the facts. We are not persuaded that the appellant's proof was so strong as to compel a finding in her favor. Therefore, the findings of the Board must stand. Hudson v. Owens, Ky., 439 S.W.2d 565 (1969); Butcher v. Island Creek Coal Company, Ky., 465 S.W.2d 49 (1971); Wells v. Kentucky Appalachian Industries, Inc., Ky., 467 S.W.2d 365 (1971).

The judgment is affirmed.

All concur.