## Kentucky Coke Company v. Baker.

(Decided March 15, 1932.)

GORDON & GORDON & MOORE for appellant.

BARNES & SMITH for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Jesse Rankin and his employer, the Kentucky Coke Company, had accepted the provisions of the Workmen's Compensation Act. On December 8, 1929, Rankin died from injuries resulting from an accident which arose out of and in the course of his employment. Claiming to be a dependent, Mattie Baker applied to the board for compensation. Rankin was earning an average weekly wage of $28.80. The court fixed the applicant's dependency at 33 1/3 per cent and awarded her $4 a week for 335 weeks. On appeal to the circuit court, the award was affirmed. From that order this appeal was granted.

The facts are these: At the time of his death Rankin was a man 32 years of age, unmarried, and without children. For some time prior to his death he had lived in the household of Mattie Baker, a widow, and her unmarried brother, James Baker. The home consisted of a small frame house and about 5½ acres of ground, and was jointly owned by Mattie Baker, her brother James, and some other brothers and sisters, it being inherited from their parents. No rent was paid to the other brothers and sisters. Mattie Baker owned no other property, and had no income. James acted as the head of the family, paid the insurance and taxes on the property, and looked after repairs. Both James Baker and Rankin were regularly employed by appellant as motormen, and purchased for the home at the commissary groceries, provisions, and other supplies. Rankin had no others dependent upon him for support, and voluntarily contributed to the expenses of the household. He also helped about the household work. Mattie Baker had two sons, but neither of them contributed to her support. One had been absent for years without being heard from, and the other, who lived with her, was afflicted with tuberculosis, and was unable to contribute anything to his own support or the support of the others. Though Mattie Baker at first stated that Rankin contributed not less than $50 per month, she afterwards fixed his contribution at not less than $27 a month. In his testimony James Baker stated that Rankin contributed at least two-thirds of his sister's support, and fixed his contribution at not less than $30 a month. The products of the garden and the milk and other things produced and raised were used by all alike for the support of the household. Mattie Baker did the cooking, washing, and ironing, and

mending for decedent, as well as the other members of the household, and also assisted in working the garden and milking the cows. No definite amount was charged decedent for board, and he made his contributions without any understanding as to how they were paid or accepted.

The case is one where the decedent, a second cousin, was living in the household with Mattie Baker, her son and her brother, who also contributed to the support of the family. Decedent's contribution amounted to about $30 a month. He also worked about the place. In return for his contributions and labor he received his food, lodging, washing, and mending. What he did for Mattie Baker and what she did for him did not grow out of any natural duty that either owed to the other, but was the result of the mutual arrangement under which the home was conducted. Though it be true that decedent's contributions and services were the chief reliance of Mrs. Baker, yet, if he received in return a quid pro quo for all that he gave and did, the situation in the home was not different from that of an ordinary boarder. With respect to those not members of the same family, dependency means something more than the receipt of contributions for which an equivalent is returned. Therefore, to establish dependency, it must be shown that the contributions exceeded in value what the deceased employee received at the hands of the alleged dependent. Here there was no showing as to the usual charge for board in a private family in the community where decedent lived, or as to the reasonable value of the personal services rendered to decedent by the applicant. For aught that appears, his board, lodging, and other services may have been worth as much as, if not more than, what he contributed to the expenses of the household. In the circumstances, there was no competent evidence on which to base the award. Moreover, it must not be overlooked that partial dependency is not measured by the proportion which the contributions of the deceased employee bore to the total contributions received by the claimant, but is determined by the proportion of the earnings of such employee which have been contributed to such partial dependent during one year next preceding the date of the injury. But, if the relation of partial dependency shall not have existed for one year next preceding the date of the injury, the board shall consider all the facts and circumstances and fix such proportion as may be fair

810

and reasonable thereunder. Kelse Branch Coal Co. v. Spradlin's Guardian et al., 222 Ky. 432, 300 S. W. 892. On the return of the case, the board will hear evidence as to the reasonable value of the board, lodging, and other services received by the deceased at the hands of Mrs. Baker, and, if it be found that his contributions and labor exceeded that value, the board will fix her dependency in the proportion that such excess bears to the earnings of the decedent.

Judgment reversed, and cause remanded, with directions to set aside the award and remand the case to the Workmen's Compensation Board for further proceedings not inconsistent with this opinion.