## James E. Pepper & Co. v. Travis et al.

(Decided Oct. 15, 1935.)

726

GAVIN H. COCHRAN and ROBERT F. VAUGHAN for appellant.

WM. W. MEEKS and GAYLE A. MOHNEY for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and reversing in part.

Stanley M. Travis died April 29, 1934, from injuries received in the course of his employment with James E. Pepper & Co. Both the employer and employee had accepted the provisions of the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.). Stanley M. Travis was unmarried, and his father and mother had died several years previous to the accident. He was survived by two brothers, Willie Travis, twenty-two years of age, and Ollie Travis, twenty years of age, and four sisters, Mrs. Minerva Highlander, Josephine Travis, Dorothy Travis, and Hannah Travis. He was also survived by an aunt, Jennie Travis, a sister of his deceased father. At the time of his death, he and his brother Willie and his sisters Dorothy and Hannah were living with their aunt, Jennie Travis. For more than eight years he had given all of his earnings to his aunt to be used for the support of the members of the household, including himself. During the year prior to his death, he had earned the sum of $848.65, and during the same year Jennie Travis earned $132.05, and Dorothy Travis, who was nineteen years of age, earned $57.04, all of which went into the common fund from which all of the members of the household were supported. Willie Travis had lost an arm in an accident about five years before Stanley's death, and was unable to work. Hannah Travis, who was fifteen years of age, contributed nothing to the common fund. The claim was filed before the Workmen's Compensation Board, and on October 9, 1934, it rendered an award adjudging that Jennie Travis, Dorothy Travis, Hannah Travis, and Willie Travis were total dependents of Stanley M. Travis, and awarded them compensation in the aggregate sum of $12 per week for 335 weeks.

The James E. Pepper & Co. filed a motion for a full board review of the award, and on November 20, 1934, an order was entered sustaining the original award. The

company then filed its petition for a review in the Fayette circuit court, and the award of the Compensation Board was affirmed. The company has appealed and insists that the Compensation Board erred in awarding any compensation to appellee Jennie Travis, and in awarding compensation to appellees Dorothy, Hannah, and Willie Travis, on the basis of total rather than partial dependency. Appellant cites and relies upon the case of Kentucky Coke Co. v. Baker, 242 Ky. 807, 47 S. W. (2d) 721, in support of its contention that the appellee Jennie Travis was not even a partial dependent of Stanley M. Travis, and it insists that the case cannot be distinguished from the Baker Case.

In the Baker Case, the deceased employee was a man thirty-two years of age, unmarried, and without children. He lived with a second cousin, Mattie Baker, who owned the home. Mattie Baker's son and brother also lived in the home and contributed to the support of the family. The decedent contributed about $27 a month out of his earnings. In return for his contributions he received his food, lodging, washing, and mending. In holding that Mattie Baker was not a dependent, it was said that to establish dependency it must be shown that the contributions exceeded in value what the deceased employee received at the hands of the alleged dependent. As there was no evidence that the dceased's board and lodging and the services rendered by Mattie Baker were not worth more than the amount he contributed to the expenses of the household, it was held that there was no competent evidence on which to base the award.

In the instant case, the total earnings of Stanley M. Travis, Jennie Travis, and Dorothy Travis during the year prior to Stanley's death amounted to $1,037.74, all of which was used for the support of the five members of the household. Of this amount Stanley earned $848.65, all of which was contributed to the common fund. It is perfectly clear that he contributed far more to the expenses of the household than his board, lodging, and the services rendered to him by his aunt were worth. It is also apparent that the amount contributed by Jennie Travis, while substantial, was not equal to her share of the expenses. The case is clearly distinguishable from the Baker Case on the facts. Jennie Travis was at least partially dependent, but the Compensation Board erred in awarding her compensation as a total

dependent, since she made a substantial contribution to the common fund used for the support of the household. To be a total dependent, one must have received all of his support from the deceased employee. Kelse Branch Coal Co. v. Spradlin's Guardian, 222 Ky. 432, 300 S. W. 892; Sandlick Coal Co. v. Day, 233 Ky. 632, 26 S. W. (2d) 521; J. F. Hardymon Co. v. Kaze, 241 Ky. 252, 43 S. W. (2d) 678. For the same reason the board erred in awarding compensation to Dorothy Travis as a total dependent. The case of Blue Diamond Coal Co. v. Frazier, 229 Ky. 450, 17 S. W. (2d) 406, is cited by appellees in support of their contention that Jennie Travis and Dorothy Travis were wholly dependent on deceased employee. It was merely held that a person may be wholly dependent on an employee although he may own a small amount of property or be able to earn something by his own labor. In that case, the mother of the deceased employee owned no property of any kind except a little household furniture, and was not able to do anything except a little household work. She had no source or means of maintenance of consequence other than the earnings of her son, and the Compensation Board correctly found that she was wholly dependent on him. In the instant case, however, both Jennie Travis and Dorothy Travis earned substantial amounts which they used for their support, and it cannot be said they were wholly dependent on the deceased employee. It is also argued that the court erred in its finding that Willie Travis and Hannah Travis were total dependents of their deceased brother, since the evidence shows that he was not their sole support, but that their aunt, Jennie Travis, and their sister Dorothy Travis, also contributed to their support. The amounts contributed to the common fund by the aunt and sister did not equal the amounts required and necessarily used by them for their support. The net result was that Willie Travis and Hannah Travis obtained all of their support from their brother Stanley M. Travis.

The judgment is reversed as to Jennie Travis and Dorothy Travis, and the Compensation Board will ascertain the degree of dependency of each. As to Willie Travis and Hannah Travis, the judgment is affirmed.