# Splint Coal Corporation v. Williams et al.

May 10, 1940.

James M. Gilbert, Judge.

James Sampson and V. C. McDonnell for appellant.

B. R. Aldridge for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Robert Williams, an employee of the appellant, Splint Coal Corporation, was killed by an accident arising out of and in the course of his employment by appellant. His parents filed a claim for compensation for themselves and on behalf of their infant children, Roy Williams and Ellis Williams, under the age of 16 years, alleging that they and these infant children were dependent on the deceased at the time of his death. The only issue before the Compensation Board was whether the claimants were dependent on the deceased and if so to what extent. The Board found partial dependency of sixty percent. On appeal to the circuit court the award was affirmed. From that order this appeal is prosecuted.

The facts are these: The deceased, Robert Williams, 20 years of age, unmarried, lived with his parents up to the time of his death. The family at that time consisted of seven members, the deceased and his parents, two brothers under 16, a crippled brother, 17, and a sister who had employment of two or three days a week in a department store and whose wages were very small and

were largely spent for clothes for herself and occasionally some for the younger children. Up to one month before the death of Robert Williams a boy by the name of Clarence Mardis lived with the Williams family, having been reared by them, and for eight months prior to Robert's death, both Robert and Clarence were employed and both contributed to the family's support. One month before Robert met his death, Clarence was killed in an automobile accident. The father was in poor health and occasionally had employment for a few days at a time. He owned about five or six acres of land on which there was a small house in which the family resided, value probably $500. They raised a garden and a few small crops. Robert's earnings for the four months prior to his death are shown to have been as follows, April, $24.50; May, $56.35; June, $53.90; July, $37.45. The evidence discloses that he and Clarence furnished practically all of the sustenance of the family and during the last month that Robert furnished practically all of it. He bought groceries at the commissary amounting to $25 or more per month the last two months preceding his death and the claimants testify that in addition to groceries bought at the commissary he bought and paid for other groceries in cash and also contributed money to his mother. At one place in the testimony of E. T. Williams, the father, he made the answer that Robert contributed to the family support from $6 to $10 per week.

It is urged for appellant that we must take a figure in between the amounts of $6 and $10, as set by the father, and say that Robert contributed $8 per week. The appellant introduced witnesses establishing that the reasonable value of board in that community was approximately $32 per month. It is therefore argued that as Robert contributed $32 per month and received his board of the value of $32 per month there was no showing of dependency.

The claimants are not within the class presumed to be dependent by Section 4894, Kentucky Statutes, but are within that class which may be shown as a matter of fact to be dependent. Section 4893 provides that "Partial dependency shall be determined by the proportion of the earnings of the employee which have been contributed to such partial dependent during one year next

preceding the date of injury; if the relation of partial dependency shall not have existed for one year next preceding the date of injury, the board shall consider all the facts and circumstances and fix such proportion as may be fair and reasonable thereunder.'' Construing the quoted language, it has been held that to establish dependency it must be shown that the contributions made by a deceased employee must exceed in value what he received at the hands of the alleged dependents. Kentucky Coke Company v. Baker, 242 Ky. 807, 47 S. W. (2d) 721. And in Clover Fork Coal Company v. Ayres et al., 219 Ky. 326, 292 S. W. 803, it was held that if contributions by the deceased employee are more than offset by the support rendered by the parents then there is no dependency. If appellant is correct in its contention, therefore, that the deceased contributed $32 per month and received board of the value of $32 per month then, within the rules laid down, there is no dependency shown in this case.

It is apparent, however, that appellant's argument is without real foundation in fact. The truth is that a fair construction of the evidence indicates that the deceased contributed the larger part of his earnings to the family support. During the last month of his life he was practically the sole support of the family. While it is true that witnesses testified for appellant that the value of board in that community was $33 per month it is perfectly apparent from the evidence that the value of the board actually received by the deceased could not possibly have been that much. For the months that he and Clarence were practically supporting the family he received merely his one-eighth share of what the family was getting in the way of sustenance. During the last month he received his one-seventh share of what he furnished the family in the way of groceries and in addition thereto received his washing and lodging. If appellant's theory is correct the board of each member of the family was worth $30 per month or more, so that the total value of the family board was more than $200, yet as a matter of fact it was nothing like this but on the contrary a bare and meager existence. A fair construction of the evidence appears to us to establish that at the time of his death the deceased was practically the sole support of the family.

Since the deceased had only been working for eight

months the Board was by the provision of Section 4893 relegated to considering all the facts and circumstances and fixing the dependency as might be fair and reasonable. It seems to us that under the circumstances disclosed in evidence the sixty percent dependency adjudged by the Board was eminently fair and reasonable.

Judgment affirmed.