## Koppers Coal Co. v. Compton et al.

Feb. 14, 1941.

Combs & Combs for appellant.

Joe P. Tackett for appellees.

Opinion of the Court by Judge Tilford—Reversing.

This proceeding originated in an application to the Workmen's Compensation Board, in which the appel-

lees, Lindsey Compton, Mary Compton, and Foster Compton, the father, mother, and eighteen year old brother of Lon Compton, as total dependents, sought compensation for the latter's death.

Lon Compton was electrocuted on May 26, 1938, while in appellant's employ, and the jurisdictional facts having been stipulated, the sole question for determination was whether the appellees named were dependent upon the deceased within the meaning of the applicable statute. The referee to whom the application was referred by the Board found that the evidence was insufficient to show total dependency, and dismissed the claim. But the Full Board set aside this finding and reached the diametrically opposed conclusion that total dependency was established. An award based on this finding was affirmed by the Circuit Court, and this appeal is from that judgment.

Appellees contend that there was some competent evidence establishing their total dependency upon the deceased employee, and hence that we are bound to affirm the award. Each of the claimants testified to the contributions made by the deceased to the support of the family, and so much of this testimony as related to transactions of the individual witness with the decedent was incompetent as evidence in support of his claim. Civil Code of Practice, Section 606, Subsection 2. However, each of the claimants was a competent witness for the other, even though his testimony concerned transactions with, and statements by, the decedent. Sunfire Coal Company v. Day et al., 267 Ky. 716, 103 S. W. (2d) 82. Much of the testimony referred to was irrelevant, and if we should attempt to distinguish between that which was competent and incompetent, and relevant and irrelevant, this opinion could not be confined within reasonable limits. Nor is it necessary for us to attempt this segregation since we have concluded that treating it all as competent, it was wholly insufficient to support the conclusion that the claimants were totally dependent upon the deceased.

Likewise the testimony of the storekeepers from whom the family purchased its supplies is insufficient to show total dependency. While it abounds with statements indicating that the deceased purchased groceries and other supplies for the family in sizable amounts, the only account records introduced show that such pur-

chases during the year preceding Compton's demise averaged only a small sum per month. Moreover, the father owned a horse, a cow, a few pigs, and three or four acres of land on which the small residence was situated, from which possessions a portion of the family's foodstuffs was derived. Though partially disabled, he was a carpenter by trade and at odd jobs earned about $20 during the year preceding his son's death. While his slight earning ability and the possession of this small property would not of themselves exclude the father from the class of total dependents (Blue Diamond Coal Co. v. Frazier, 229 Ky. 450, 17 S. W. (2d) 406), nevertheless, combined with the other factors alluded to, it has a material bearing upon the determination of the question.

Nor are we bound to affirm the award because of the fact that there may be some competent testimony in the record to support it. If there, it is manifestly insufficient to support the conclusion that any of the appellees were totally dependent upon the deceased. Kentucky Utilities Co. v. Hammons, 284 Ky. 437, 145 S. W. (2d) 67.

Neither can we adopt the view of appellant's counsel that no dependency whatsoever was shown. The father was 62 years of age, the mother, 57, and the brother, 18. The latter was attending school, and a portion of his clothes and books, if not all, appear to have been furnished by his deceased brother. Lon Compton was 34 years of age and, with the exception of the brother referred to, was the only one of the four children who lived with his parents or contributed in any degree to their support. His earnings during the year preceding his death were approximately $75 per month, and when he was not actually engaged at the mines he assisted in the cultivation of the small tract of land which his father owned. It was shown by testimony introduced by appellant that $1 a day was a fair and reasonable charge for board, and appellant's argument that his parents and younger brother were not dependent upon him to any extent is based primarily upon the fact that it is not shown by the testimony that the deceased son contributed as much as $30 per month to the family support. It is, of course, a well settled principle that to establish dependency it must be shown that the contributions exceeded in value what the deceased received at the hands

of the alleged dependent. Kentucky Coke Co. v. Baker, 242 Ky. 807, 47 S. W. (2d) 721; James E. Pepper & Co. v. Travis et al., 260 Ky. 725, 86 S. W. (2d) 683; Clover Fork Coal Co. v. Ayres, 219 Ky. 326, 292 S. W. 803. We have no doubt as to the correctness of the rule, but are not bound, in applying it, to accept arbitrary figures given by witnesses as the value of the benefits received by the deceased employee when residing with his parents in surroundings such as are shown to have existed here. Applying the reasoning indicated in the recent case of Splint Coal Corporation v. Williams, 283 Ky. 47, 140 S. W. (2d) 661, in which the facts were very similar to those in the case at bar: If the board and lodging received by Lon Compton at his parents' home was worth $30 per month without offset for the value of the small services rendered by him in working about the place, the total value of the benefits received by all of its occupants was $120 per month, a result preposterous on its face when the total resources from which that home was supplied are taken into consideration.

So we conclude that the evidence fairly shows that the claimants were dependent in some degree upon the deceased son and brother, the extent of the dependency and its proportions to be determined from the contributions made by him to the support of the partial dependents during the year preceding his death, as required by Subsection 3, Section 4893, Kentucky Statutes.

Additional proof directed to this issue may be introduced by the parties, if, in the opinion of the Board, it is unable to satisfactorily determine the extent of the partial dependency from the proof appearing in the record.

Judgment reversed for proceedings consistent with this opinion.