**JEFFERSON COUNTY BOARD OF EDUCATION, Appellant,**

v.

**Ethel Mae MILLER, Special Fund, and Workers' Compensation Board, Appellees.**

No. 88-CA-203-I.

Court of Appeals of Kentucky.

Feb. 5, 1988.

Robert C. Ewald, Wyatt, Tarrant & Combs, Louisville, for appellant.

John C. Peabody, Louisville, for Miller.

Steven A. Burnham, Labor Cabinet, Louisville, for Special Fund.

Before the full court sitting en banc.

PER CURIAM.

Appellant has attempted this appeal to the Court of Appeals from an opinion and award entered by the Workers' Compensation Board on December 21, 1987. The Court has itself raised the question of whether the Court of Appeals has jurisdiction to entertain this appeal. The Court of Appeals has determined that it does not have jurisdiction and that the appeal must be dismissed.

The enactment of House Bill 1 by the Extraordinary Legislative Session of 1987 made sweeping substantive and procedural changes in Kentucky's workers' compensation law. All procedural sections which we must consider here became effective January 4, 1988.

Under the statutes in effect prior to January 4, 1988, the initial decision in a workers' compensation case was made by the five-member Workers' Compensation Board. Any party aggrieved by a decision of that Board could appeal to the circuit court "that would have jurisdiction to try an action for damages for the injuries if

this chapter did not exist" pursuant to KRS 342.285. The circuit court's decision was then subject to an appeal as a matter of right to the Kentucky Court of Appeals under KRS 342.290. *See also Yocom v. United States Steel Corporation*, Ky.App., 566 S.W.2d 160 (1977). A motion for discretionary review of the decision of the Court of Appeals could then be filed in the Kentucky Supreme Court pursuant to CR 76.20.

As of January 4, 1988, this procedure has been changed to provide that the initial decision awarding or denying benefits shall be made by an administrative law judge appointed and operating under KRS 342.-230. Any party aggrieved by the administrative law judge's decision must appeal to the newly created three-member Workers' Compensation Board under the procedure set out in 342.285. That Board's appellate decision is then subject to further review by the Court of Appeals pursuant to KRS 342.290 in accordance with rules promulgated by the Kentucky Supreme Court.

On January 15, 1988, the Kentucky Supreme Court promulgated and made immediately effective an amendment to SCR 1.030(3), which gives to the Kentucky Court of Appeals jurisdiction to review appellate decisions of the Workers' Compensation Board. On that same date, the Supreme Court enacted CR 76.25, which sets out the procedures for a review by the Court of Appeals. The rule also provides that any final decision by the Kentucky Court of Appeals in workers' compensation cases will be subject to further review by the Kentucky Supreme Court pursuant to CR 76.20.

However, CR 76.25 as promulgated by the Kentucky Supreme Court clearly envisions that the Kentucky Court of Appeals will only provide direct review of decisions of the new Workers' Compensation Board. This is made clear by the statutory references cited in CR 76.25(2) and by the listing of the contents of the petition and documents required to be attached to the petition in CR 76.25(4)(b) and (d). The rule does not provide for direct review by the Court of Appeals of any decisions of the old Workers' Compensation Board.

Prior to January 4, 1988, a decision of the old Workers' Compensation Board awarding or denying benefits could be appealed to circuit court pursuant to the old KRS 342.285. By virtue of the changes in KRS 342.285 enacted by House Bill 1, the authority for a circuit court review is gone. House Bill 1 does not contain any interim or transitional provisions which would expressly provide for any other type of review. However, we believe that the new statutory scheme can be reasonably read to provide for an administrative appeal from a decision of the old Workers' Compensation Board subsequent to the termination of the circuit court's right to review such decisions on January 4, 1988, until such time as the authority of the old Board terminates pursuant to KRS 342.215(5).

A decision of the "old" Workers' Compensation Board constitutes the initial granting or denial of an award of benefits. This is the same function that will be taken over by the administrative law judges when they have been selected and begin hearing cases. There is no real distinction between a decision of the old Workers' Compensation Board and a decision made by an administrative law judge. KRS 342.285 now provides that a decision by an administrative law judge may be appealed to the new Workers' Compensation Board. The Legislative Research Commission note following the statute indicates that until such time as the new administrative law judges assume their duties, the term administrative law judge as used in this section should be construed to mean the old Workers' Compensation Board. We find such an interpretation of the statute to be logical and wholly consistent with the legislative scheme of House Bill 1.

We therefore hold that any decision of the old Workers' Compensation Board (as it was constituted prior to January 4, 1988) may be appealed to the new Workers' Compensation Board pursuant to KRS 342.285. Only after the new Board has rendered a decision may further review be sought in

the Kentucky Court of Appeals pursuant to CR 76.25.

■ Of course, if an appeal has already been taken from the old Board to the circuit court pursuant to KRS 342.285, prior to the date of its repeal, the circuit court has not lost jurisdiction to decide such a case, and such appeals shall continue to a decision in the circuit court in which they were filed. Further, the circuit court's decision shall be appealable to the Court of Appeals pursuant to § 115 of the Kentucky Constitution.

For the reasons set out above, this attempted appeal is hereby DISMISSED. The clerk is ordered to return to appellant's counsel the check tendered to cover the filing fee.

Full court sitting. All concur.