**Carol M. PALMORE, Acting Secretary of Labor Cabinet (Special Fund), Movant,**

v.

**Brenda Sue JONES; Island Creek Coal Company; and Workers' Compensation Board, Respondents.**

No. 88–SC–557–D.

Supreme Court of Kentucky.

May 4, 1989.

Rehearing Denied Sept. 7, 1989.

Cathy Utley Costelle, Labor Cabinet, Louisville, for movant.

Phil A. Stalnaker, Pikeville, for Jones.

John Harlan Callis, III, Thomas M. Smith, Prestonsburg, for Island Creek Coal Co.

OPINION OF THE COURT

■ In deciding this case, we adopt the Court of Appeals opinion as the opinion of this Court.

"REYNOLDS, JUDGE. This is an appeal from the judgment of Pike Circuit Court which remanded this case to the Workers' Compensation Board with instructions that appellee, Brenda Sue Jones, be substituted as party plaintiff for her deceased husband and that she was entitled to a continuation of his compensation benefits.

"The sole question is whether a woman who has married a disabled worker is entitled to a continuation of her deceased husband's disability benefits which were awarded prior to the marriage. The facts of this case are not in dispute. James Jones, Jr. was determined to be 100% occupationally disabled and received an award from the Workers' Compensation Board August 24, 1981. The basis of impairment was a back injury. Subsequently, on January 16, 1984, he married Brenda Sue Hunt (appellant). Mr. Jones died August 19, 1986, with the cause of death being arteriosclerotic heart disease.

"Mrs. Jones sought to be substituted as a party plaintiff and moved for the entry of a continuation award before the Workers' Compensation Board. The motion was denied and an appeal was taken to the Pike Circuit Court which reversed the order of the Board.

"The Special Fund maintains that dependency, for a continuation award, must be determined at the onset of disability and maintains that KRS 342.075 and KRS 342.-316(10) provide for a general determination of dependency based upon the time of the injury/disability. The Fund also maintains that KRS 342.750 provides that all relations of dependency shall mean dependency existing at the time of the accident to the employee or at the time of his disability from an occupational disease or from when an occupational disease began. In essence,

we are told that the purpose of the legislature was to allow a continuation of benefits to those dependents who were dependent at the time of the injury as well as at the time of death. We make no such interpretation from our study of KRS 342.730(3). We agree that Mrs. Jones would not be a dependent if the facts of her case fell within the parameters of KRS 342.075, but we are cited to no authority that disenfranchises her from the class enunciated in KRS 342.730. The Fund states that to interpret the provisions of KRS 342.730 as Mrs. Jones contends, would create unfairness and inconsistency. As to this argument, we would state that we find no inconsistency nor does the legislature in every instance propose to be consistent. Plainly KRS 342.730(3) sets out classes of persons entitled to a continuation of benefits and states that benefits shall be paid to persons within the class *at the time of death*. Mrs. Jones is without question within an appropriate class and is fully entitled to the benefits provided by the statute. The two statutes hereinabove referred to are not in direct conflict as the class of dependents set out in each statute pertains to different situations. This case clearly falls under a statute specifically directed at the issue in litigation and therefore controls over statutes which touch upon the issue in a more general fashion.

"In this case we determine that the trial court correctly found that Brenda Sue Jones was one of those persons in the class described in KRS 342.730(3). We find no ambiguity to this section of the statute. KRS 342.730(3)(a) provides:

(3) When an employee, who has sustained disability compensable under this section, and who has filed, or could have timely filed, a valid claim in his lifetime, dies from causes other than the injury before the expiration of the compensable period specified, the income benefits specified and unpaid at the individual's death, whether or not accrued or due at his death, shall be paid, under an award made before or after such death, for the period specified in this section, to and for the benefit of the persons within the classes at the time of death and in the proportions and upon the conditions specified in this section and in the order named:

(a) To the widow or widower, if there is not child under the age of eighteen (18) or incapable of self-support; . . . .

"The trial court has stated that in a prior case, in the same court, the same question/issue and same facts had been presented and ruled upon. Herein the trial court has not erroneously invoked the rule of stare decisis and where his previous decisions have not been modified or overturned.

"The trial court's reference to an unpublished opinion of the Court of Appeals is technically violative of CR 76.28(4)(c), but we hold that the trial court's judgment in this case may be clearly affirmed."

■ One point not addressed in the Court of Appeals opinion needs to be disposed of. Secretary Palmore filed the motion for discretionary review before us. Neither respondent filed a cross-motion for discretionary review, and neither filed a motion for discretionary review.

Respondent Island Creek Coal Company, in the brief before us, has argued, for the first time, that the Court of Appeals opinion produces an unconstitutional result in the interpretation of KRS 342.730. Because Island Creek did not file either a cross-motion or a motion for discretionary review, this issue is not before us and we do not consider it. CR 76.21(1). *See also, Commonwealth of Kentucky, Transportation Cabinet, Department of Highways v. Taub*, 766 S.W.2d 49 (1988).

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., LAMBERT, LEIBSON, VANCE and WINTERSHEIMER, JJ., concur.

GANT, J., dissents.