Nellie VESSELS, Deceased, by James VESSELS, next friend of Lisa Ann Vessels, Mark Vessels, Christine Vessels and Timmy Vessels, Appellants and Cross–Appellees,

v.

BROWN–FORMAN DISTILLERS CORPORATION, Appellee and Cross–Appellant,

and

Workers' Compensation Board, Appellee and Cross–Appellee.

Nos. 89–SC–421–D, 89–SC–479–WC and 89–SC–480–WC.

Supreme Court of Kentucky.

March 15, 1990.

As Modified on Denial of Rehearing Sept. 6, 1990.

W. David Klingman, Sanford L. Berman, Louisville, for appellants and cross-appellees.

William A. Blodgett, Jr., Woodward, Hobson & Fulton, Louisville, for appellee and cross-appellant.

Glenn L. Schilling, Com'r Dept. of Workers' Claims, Workers' Compensation Bd., Frankfort, for appellee and cross-appellee.

COMBS, Justice.

This novel workers' compensation case is one of first impression. It has spawned three separate proceedings in this Court. The first (89–SC–421–D) is a motion for discretionary review filed by James Vessels, as father and next friend of Lisa Ann

Vessels, Mark Vessels, Christine Vessels and Timmy Vessels.

The second (89–SC–479–WC) is an appeal by the Vessels from an opinion of the Court of Appeals which reversed an award of the "new" Workers' Compensation Board rendered October 14, 1988, affirming the "old" Workers' Compensation Board award entered February 22, 1988.

The third (89–SC–480–WC) is a cross-appeal filed by Brown–Forman in this Court as a protective measure.

In addition to the issues presented by the parties, this Court has requested that they address the issue of whether this workers' compensation case is properly on appeal to this Court pursuant to CR 76.36(7) and Section 115 of the Kentucky Constitution, an appeal as a matter of right, or whether workers' compensation cases are restricted to discretionary review by this Court, pursuant to CR 76.25(12).

Procedurally, this action began when the "old" Board found the infant grandchildren to be partially dependent upon their grandmother and had awarded to them "the sum of the temporary total benefits heretofore paid to or on behalf of the deceased on or prior to her death on November 1, 1983 and shall further recover the sum of $51.47 per week on behalf of such partially dependent grandchildren beginning November 22, 1983, for the remainder of the deceased's life expectancy, or until each such grandchild has attained eighteen years of age, whichever shall first occur...." This decision was appealed by the employer to the "new" Workers' Compensation Board, pursuant to KRS 342.285, per *Jefferson County Board of Education v. Miller*, Ky.App., 744 S.W.2d 751 (1988).

In affirming the "old" Board, the "new" Board also found that the grandchildren were 25% partially dependent upon their grandmother at the time of the accident, and were properly awarded benefits pursuant to KRS 342.730(3)(d).

Brown–Forman then filed an appeal to the Court of Appeals, rather than to the circuit court, pursuant to KRS 342.290 and CR 76.25. The Court of Appeals reversed the "new" Board. In its appeal, Brown–

Forman contended that the Board erred and that benefits should have terminated upon Ms. Vessels' death. Alternatively, Brown–Forman argued that if benefits did not terminate, the grandchildren were not her dependents and therefore not entitled to benefits. Brown–Forman further contended that, in any event, the award of benefits should be modified to provide for a reduction in the amount of the benefits as each grandchild is emancipated. The Court of Appeals found that the evidence before the Board compelled a finding that the grandchildren were not dependent upon Nellie Vessels, and reversed the award.

This brings us to the actions commenced in this Court. The Vessels filed a motion for discretionary review and a direct appeal as a matter of right. Brown–Forman filed a cross-appeal in which they ask us to:

(1) dismiss the appeal and cross-appeal but to review the issues via Vessels' motion for discretionary review and to accept their cross-appeal as a cross motion for discretionary review; and

(2) decline Vessels' motion for discretionary review or affirm the Court of Appeals' decision because:

a. Plaintiff failed to prove an essential element of his case—that Ms. Vessels' contributions to the family exceeded the value of the services she received from the family—and, therefore, there was no substantive evidence to support the Board's finding of dependency and award of continued benefits to the grandchildren; and/or

b. The proper time to test dependency under KRS 342.730(3) is at death, not injury, and the evidence precludes a finding that her grandchildren were dependent on Ms. Vessels in 1983 before her death.

■ Before addressing the merits of this case, we must initially address Brown–Forman's contention that there is no appeal as a matter of right to the Supreme Court from the Court of Appeals' review of a workers' compensation award. There are two routes through which a litigant may properly proceed to this Court from the

ruling of a lower court. The first, and most often used route, is the one of discretionary review provided by CR 76.20. The second is a matter of right appeal provided by Section 115 of our constitution.

Being mindful of the legislature's 1987 amendment to the Workers' Compensation Act, KRS 342.290, and CR 76.20, CR 76.25(12), and Sections 109, 111(2) and 115 of Kentucky's Constitution, and out of an abundance of precaution, the Vessels proceeded to follow both routes to this Court. We have held their motion for discretionary review (89–SC–421–D) in abeyance, pending our determination of the threshold question. That question is what is the proper route to this Court in a workers' compensation case.

The Vessels, as appellants, contend that Section 115 of the constitution gives them a matter of right appeal to this Court since KRS 342.290 provides that a decision of the Board is judicially reviewed for the first time by the Court of Appeals, rather than by the circuit court. That is, appellants are entitled to two (2) judicial opportunities, at least one of which must be an appeal, as a matter of right, notwithstanding CR 76.25(12). Thus, the appeal to this Court becomes the first appeal to another court referred to in Section 115 of the Kentucky Constitution, and as such, is an appeal as a matter of right.

On the other hand, Brown–Forman contends that our constitution does not contemplate an appeal to the Supreme Court as a matter of right from the Court of Appeals in workers' compensation cases. In support of this contention it argues that Section 115 of our constitution does not mandate appeals in workers' compensation cases to this Court because "... the legislature and the Supreme Court have implemented the Constitution's Section 111(2) exception to the appellate jurisdiction of the Court of Appeals."

Brown–Forman further states that the exception created by Section 111(2) was first utilized in 1987 when the legislature amended the Kentucky Workers' Compensation Act to provide for a direct appeal from the newly constituted Workers' Compensation Board to the Kentucky Court of Appeals, as a matter of right. KRS 342.290. Pursuant to the legislature's request, this Court then implemented CR 76.25, a special rule for review of Workers' Compensation Board decisions effective January 15, 1988.

CR 76.25(12) provides, as a matter of right, an appeal by any party aggrieved by a decision of the Workers' Compensation Board to the Court of Appeals. In CR 76.25(12), the rule provides that further review may be sought in the Supreme Court of a final decision or final order of the Court of Appeals in a workers' compensation matter in accordance with the rules applicable to motions for discretionary review under CR 76.20.

We disagree and reject out of hand Brown–Forman's contention that Kentucky's Constitution does not mandate appeals in workers' compensation cases to this Court, and therefore hold that CR 76.25(12) is unconstitutional. We had thought this issue had been put to rest almost two centuries ago by the celebrated case of *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803). Congress, by the Judiciary Act of 1789, had sought to enlarge the Supreme Court's original jurisdiction by empowering it to issue writs of mandamus and other writs.

Article III, Section 2 had limited the Supreme Court's original jurisdiction "to all cases affecting ambassadors, other public ministers and consuls, and those in which a state shall be a party." Article VI, cl. 2 established that the United States Constitution, and "the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land...."

In the opinion by Justice Marshall, the Supreme Court held that inasmuch as the Judiciary Act conflicted with Article III, Section 2, and was not made pursuant to the United States Constitution as required by Article VI, that the writ issued by the court was void.

We are a constitutional government, and under Section 4 of the Kentucky Constitution, all power is retained by the people. Only the people by amendment or by convention have the power to amend or change the constitution.

The present KRS 342.290 in no way conflicts with Section 115 of the Kentucky Constitution. This statute simply eliminated the circuit court as the court authorized to review opinions, orders and awards of the Workers' Compensation Board. It gave the Court of Appeals the same power to review as had been originally given by statute to the circuit court—no more, and no less. Nor does Section 111(2) conflict with Section 115. Section 111(2) is as follows:

> The Court of Appeals shall have appellate jurisdiction only, *except that it may be authorized by rules of the Supreme Court to review directly decisions of administrative agencies of the Commonwealth* .... [Emphasis added.]

Section 115 of our constitution plainly and unequivocally provides:

> In all cases, civil and criminal, *there shall be allowed as a matter of right at least one appeal to another court* .... [Emphasis added.]

Had the intent been for Section 111(2) to modify or limit Section 115, the word "review" would not have been used. Section 111(2) is nothing more than an exception to the Court of Appeals' appellate jurisdiction. In this context, "review" and "appeal" are not synonymous. The original KRS 342.-285 provided for reviews by "petition for review" to the circuit court. In fact, CR 76.25(12) also uses the word "review" rather than the word "appeal." We are aware that oftentimes the words "appeal" and "review" are used synonymously, but in Section 111(2) the word "review" must be treated in the context previously employed.

Brown–Forman contends that our rule, the statute, and Section 111(2) create an additional exception to Section 115. Had such an exception been intended, it could have been inserted in Section 115. Such has not been done, and we are powerless to do so.

Section 109 of the Kentucky Constitution created our Court of Justice and divided it into "a Supreme Court, a Court of Appeals, a trial court of general jurisdiction known as the Circuit Court, and the trial court of limited jurisdiction known as the District Court." Nothing in Section 109 contemplates an administrative agency, much less the Workers' Compensation Board, as the equivalent of a court. The phrase, "there shall be allowed as a matter of right at least one appeal to another court," of Section 115, is unambiguous. This presupposes that the tribunals of review and for appeal are courts within the constitutional meaning of the word. We have determined that KRS 342.290 is constitutional as it does not deprive the litigants before the Workers' Compensation Board of their right of review or right of appeal. We have also determined that Section 111(2) does not conflict with Section 115.

However, we now turn our attention to CR 76.25(12) adopted by this Court pursuant to Section 116 of the Kentucky Constitution. Section 116 gives the Supreme Court "... the power to *prescribe rules governing its appellate jurisdiction*, rule for the appointment of commissioners and other court personnel, and rules of practice and procedure for the Court of Justice." [Emphasis added.] This section did not empower this Court to ignore the plain and unambiguous mandate of Section 115, which guarantees to all litigants the right of one appeal to another court, nor did it empower us to amend the constitution. CR 76.25(12) purports to do just that and we, therefore, declare that rule to be unconstitutional.

By declaring CR 76.25(12) unconstitutional, workers' compensation claims that are first judicially reviewed in the Court of Appeals pursuant to KRS 342.290, and there ruled upon, may be appealed to the Kentucky Supreme Court as a matter of right pursuant to Section 115 of the Kentucky Constitution.

■ Having decided that the Vessels are properly before this Court by the matter of right appeal, we therefore deny their mo-

tion for discretionary review and turn to an examination of their matter of right appeal.

To do so, we must briefly review the facts of this case. On September 3, 1981, Ms. Vessels sustained a totally disabling right ankle injury in the course of her employment with Brown–Forman, for which she worked for over three decades. Ms. Vessels received medical expenses and temporary total disability payments from the date of her injury until her death as a result of non work-related lung cancer on November 22, 1983. Ms. Vessels' claim, filed before her death, was amended after her death by her son to seek continuation of benefits to her grandchildren as alleged dependents.

The "old" Workers' Compensation Board allowed this KRS 342.730(3) claim for continuation of benefits on behalf of Ms. Vessels' four grandchildren, who were found to be 25% dependent upon her for support. The "old" Board noted that, in 1979, Ms. Vessels moved in with her son's family following her husband's death. According to her testimony, her son would not accept rent but she contributed approximately $5,000 annually to the family, with $50 per week going for groceries and $200 per month going for clothing and other items for her grandchildren. The "old" Board arrived at a 25% dependency determination after further finding that Nellie Vessels' son James' net income was between $15,000 and $16,000.

Affirming in an eleven-page opinion, stressing at page five thereof, that "Nellie Vessels' contributions were important in maintaining the family's standard of living," the "new" Board perceived sufficient evidence to support the 25% dependency determination. The "new" Board rejected all of Brown–Forman's contentions, one of which was the position presented in its cross-appeal herein that dependency should be determined as of the date of Ms. Vessels' death rather than as of the date of her injury.

KRS 342.075 deals with the determination of dependency in workers' compensation cases. Sub-section (1) identifies those persons who presumptively are wholly de-

pendent upon the employee. Grandchildren, such as the Vessels' children, are not enumerated therein and do not fall within that category. Sub-section (2) states: "In all other cases the relation of dependency in whole or in part shall be determined in accordance with the facts of each case existing at the time of the accident."

KRS 342.290 provides the scope of review by the Court of Appeals and limits it to "all matters subject to review by the board and also errors of law arising before the board and made reviewable by the rules of the Supreme Court for review of decisions of an administrative agency."

KRS 342.285 provides for an appeal to the Workers' Compensation Board of an order of an administrative law judge and that an award or order of the administrative law judge shall be conclusive and binding as to all questions of fact. Sub-section (2) of that section prohibits the Board, and KRS 342.290 prohibits the Court of Appeals, from substituting their judgment for that of the administrative law judge as to the weight of the evidence on questions of fact.

The "old" Board in its 4th finding of fact, stated:

> ... We thus determine that the contribution of Nellie Vessels amounted to about 25% of the family's total spendable income, and we believe this constitutes an appropriate percentage figure for determination of partial dependency, pursuant to *Splint Coal Corp. v. Williams*, 384 [283] Ky. 47, 140 S.W.2d 661 (1940). We find that the grandchildren were 25% dependent upon Nellie Vessels for support.

The "new" Board affirmed this finding. The Court of Appeals, in reversing the award of the Board, exceeded its scope of authority. The Court of Appeals acted in error, whether it treated the question as one of law contrary to the expressed provisions of KRS 342.075(2), or substituted its judgment on questions of fact contrary to KRS 342.290. Therefore, we reverse the Court of Appeals and affirm the award of the "new" Board, and remand the case to the Board for enforcement of the award.

On its cross-appeal, Brown–Forman contends that the partial dependency as found by the Board should be determined at the time of death, rather than at the time of the accident. In support of this contention they cite the recent case of *Palmore v. Jones*, Ky., 774 S.W.2d 434 (1989). In *Palmore*, we affirmed the decision of the Court of Appeals, which had found that Brenda Sue Jones, the widow of James Jones, Jr., was entitled to a continuation of the benefits awarded to him. She was married to the decedent at the time of his death, but not at the time of the injury. The Court recognized that Brenda Sue was within the class enumerated in KRS 342.-730(3)(a). In the case sub judice, KRS 342.-075(2) requires that dependency be determined at the time of the accident. For this reason, we dismiss the cross-appeal of Brown–Forman.

The motion for discretionary review is hereby denied, the cross-appeal is dismissed, and the case is reversed and remanded to the Board for enforcement of the award.

LAMBERT and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., dissents by separate opinion.

LEIBSON, J., files a separate opinion, dissenting in part and concurring in part.

VANCE, J., files a separate opinion, concurring in part and dissenting in part, in which Gant, J., joins.

STEPHENS, Chief Justice, dissenting.

Respectfully, I dissent.

A fair reading of Kentucky's constitution reveals that there is no matter of right appeal to this Court in workers' compensation cases.

Sections 111(2) and 115 of the state constitution must be read together. Section 115 affords litigants one direct appeal as a matter of right. The procedure established in Section 111(2) provides this direct appeal—to the Court of Appeals.

Requiring direct appeals of workers' compensation cases to this Court would also contravene the directive found in Section 115 that appeals be expeditious and inexpensive. What the majority is creating is an excess of procedure. A decision is made by an administrative law judge. This decision may be appealed as a matter of right to the Workers' Compensation Board, then to the Kentucky Court of Appeals, and now to the Supreme Court. This procedure will be neither inexpensive nor expeditious, as this Court becomes inundated with these appeals as a matter of right. The Judicial Article of the constitution makes it clear that the Supreme Court was intended to be a court of discretionary review, except for the most serious criminal cases. I fear that the spirit and intent of the Judicial Article will be negated as the Supreme Court's ability to perform its discretionary review function is impaired.

LEIBSON, Justice, dissenting in part and concurring in part.

I dissent because Kentucky Constitution § 111(2) allows the Supreme Court to provide an alternative method of review in appeals from administrative agencies as an exception to the mandatory review in § 115.

I have no doubt but the present procedure enacted by statute, as supplemented by the Supreme Court rule, is what the drafters of § 111(2) had in mind when they stated that the Court of Appeals "may be authorized by rules of the Supreme Court to review directly decisions of administrative agencies of the Commonwealth."

The General Assembly's decision to modify the structure of the Workers' Compensation Act as was done was a long-time coming, but was an idea in being at the time the Constitution was amended. The modification makes the Board the first appeal and the equal of a constitutional appeal under § 115. The idea that § 115 in these circumstances requires a second appeal exalts form over substance at the expense of the Constitution and the injured worker.

A workers' compensation case is decided by an administrative law judge, and re-

viewed by appeal to the Workers' Compensation Board. We have created a useless, unnecessary, counterproductive procedure by deciding that a second appellate review is necessary. Thus, I dissent.

However, I would grant discretionary review and reverse the Court of Appeals on the underlying substantive issues because the dependency findings by the Board were not clearly unreasonable. I agree that dependency should relate to the time of the "accident" causing injury, not time of death of the disabled worker. KRS 342.-075(2) applies.

Thus, substantively, I agree that the Court of Appeals erred in reversing the decision of the Workers' Compensation Board.

VANCE, Justice, concurring in part and dissenting in part.

I fully agree with the majority opinion that a litigant in a workers' compensation case has a constitutional guarantee of a direct appeal to another court as a matter of right. Because, under our statutes, the first court to consider workers' compensation cases is the Court of Appeals, the matter of right appeal is to the Supreme Court.

On the merits of the case I would affirm the Court of Appeals because the grandchildren were not shown by the evidence to be the dependents of the deceased worker.

It is true that the deceased grandmother contributed money in lieu of rent to her son, in whose residence she lived, and some of this money went for support of the grandchildren, but there was no proof that the value of her contribution exceeded the value of the room and board and services she received from her son, and such proof is necessary to establish any relationship of dependency of the son or the grandchildren. *Koppers Coal Co. v. Compton*, 258 Ky. 844, 149 S.W.2d 543 (1941).

Even if it be conceded that the grandchildren were partial dependents, I believe the majority erred in computing dependency as of the time of the injury rather than the time of death of the grandmother.

K.R.S. 342.730 provides for income benefits for disability which will be paid to an injured worker. K.R.S. 342.750 provides for income benefits to dependents when the injury causes the death of a worker, and K.R.S. 342.075(2) provides that for other than dependency which is presumed, the relationship of actual dependency shall be determined in accordance with the facts in existence at the time of the accident.

However, K.R.S. 342.730(3) provides for income benefits when death results before the expiration of a benefit period for causes other than the compensable injury to classes of dependents at the time of death.

The grandchildren in this case were within the class of dependents set forth in K.R.S. 342.730(3)(d), and the question is whether their actual dependency should be determined as of the date of the accident or the date of death of the injured worker.

When an injured worker dies from causes other than the work-related injury, it frequently happens that the death occurs a long time after the accident. Persons actually dependent upon that worker and the degree of the dependency may be entirely different at the time of his death than at the time of the accident. It would seem to be, therefore, that when the injury does not cause the death but the worker subsequently dies before exhausting his period of income benefits, his award, pursuant to K.R.S. 342.730(3), should be continued for the benefit of his dependents, and the determination of his dependents and the degree of their dependency should be made as of the time of death rather than the time of the accident.

GANT, J., joins in this opinion.