# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

**THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.**

RENDERED: JANUARY 21, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0684-WC

HAYATTE KLEIER

APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                          NO. 2018-CA-1460
WORKERS' COMPENSATION BOARD NO. 16-WC-85226

MACY'S #526; JOHN H. MCCRACKEN,                          APPELLEES
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Hayatte Kleier sustained a work-related injury on January 31, 2016, when a heavy cosmetics drawer closed on her thumb. She initiated a claim for benefits pursuant to Kentucky Revised Statutes (KRS) Chapter 342, the Workers' Compensation chapter. After reviewing the evidence, an Administrative Law Judge (ALJ) granted permanent partial disability (PPD) benefits and some temporary total disability (TTD) benefits to Kleier but denied TTD benefits for certain other dates. Kleier appealed the ALJ's denial of TTD benefits to the Workers' Compensation Board (the Board).[1] The Board affirmed

---

[1] Kleier argued additional issues to the Board but did not persist in those arguments to this Court. As such, we will only discuss the procedural history and background facts as necessary for the issue before us.

the ALJ. Kleier next appealed to the Court of Appeals, which affirmed the Board's decision. Kleier now appeals to this Court as a matter of right. *See Vessels v. Brown-Forman Distillers Corp.*, 793 S.W.2d 795, 798 (Ky. 1990); KY. CONST. § 115.

## I. BACKGROUND

Hayatte Kleier was born in France on August 18, 1966, and moved to Louisville, Kentucky in 2007. After arriving in Kentucky, she worked as a cafeteria worker. She then began working as a nanny for Dr. Luz Fernandez, providing full-time care to two children. Once those children began school, her responsibilities only entailed picking them up from school, bringing them to the library and helping them with their homework, and driving them home. Thereafter, she began also working a part-time job at Macy's, working Friday evenings, Saturdays, and Sundays as a beauty advisor. As a beauty advisor, her job duties included customer service, applying makeup, advising customers on skin care, and cleaning and organizing. She was required to lift boxes containing product, but she was uncertain of the weight.

On January 31, 2016, Kleier sustained a work-related injury at Macy's when her right thumb became trapped in a heavy drawer as she was closing it. She first received medical treatment for her thumb on February 2, 2016, at Norton Immediate Care Center. At that time, she was authorized to return to work with restrictions including no right thumb or wrist activity, and she was given a splint to wear on her right thumb. Throughout February and March

2016, Kleier received treatment multiple times, and each time was permitted to return to work with restrictions, including no use of her right hand.

On April 15, 2016, Kleier was released from the restriction allowing her to only use her left hand and instead was authorized to work with light-duty restrictions. She was not permitted to lift more than twenty pounds or ten pounds with frequent lifting or carrying using both hands. She was to wear a brace as needed at work. Light-duty restrictions were continued until June 10, 2016, when Kleier was released to work with medium-duty restrictions. This allowed her to lift a maximum of twenty to fifty pounds but restricted her to ten to twenty-five pounds with frequent lifting or carrying using both hands. Her medium-duty work restrictions continued until she had surgery on her thumb on September 27, 2016.

After Kleier's injury and at least until the hearing date in front of the ALJ, Kleier continued to work as a tutor for Dr. Fernandez's children on the weekdays. She also returned to work at Macy's for a period of time after the injury, following her treatment providers' restrictions. While working under those restrictions, she continued to greet customers and advise them on makeup and skin care. She would also make phone calls, try to book appointments, and make customers aware of events. She would sometimes still apply makeup but, according to her deposition testimony, did so with difficulty.

Kleier quit her job at Macy's on May 29, 2016. She testified that she used all of her paid time off before quitting, but it is unclear from the record how much time that was. She testified that she stopped working at Macy's

because of the pain from her injury, but she wrote a letter to Macy's stating she had another full-time job and was having difficulty combining it with the part-time work at Macy's. On the day she quit, she was offered another job with Randstad performing the exact same job duties but working in shorter shifts. She accepted that job but only worked for Randstad for a short period of time.

Kleier argues to this Court that the ALJ erred in failing to award her TTD benefits from May 29, 2016, the day she quit Macy's, until September 26, 2016, the day before she underwent surgery on her thumb.[2] Both the Board and the Court of Appeals affirmed the ALJ's decision. After a thorough review of the record and the arguments of the parties, we likewise affirm.

## II.    STANDARD OF REVIEW

Review by this Court of workers' compensation cases is limited "to address[ing] new or novel questions of statutory construction, or to reconsider[ing] precedent when such appears necessary, or to review[ing] a question of constitutional magnitude." *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 688 (Ky. 1992). In a workers' compensation case, the claimant, in this case, Kleier, has the burden of proving every element of her claim. *Gibbs v. Premier Scale Co./Ind. Scale Co.*, 50 S.W.3d 754, 763 (Ky. 2001). The ALJ has the sole discretion to determine the quality, character, and substance of the evidence and may reject any testimony and believe or disbelieve various parts of the evidence regardless of whether it comes from the same witness or the

---

[2] The ALJ awarded Kleier TTD benefits from the date of surgery until she reached maximum medical improvement.

same party's total proof. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). On appellate review, the issue is whether substantial evidence of probative value supports the ALJ's findings. *Whittaker v. Rowland*, 998 S.W.2d 479, 481 (Ky. 1999). "[T]he ALJ's findings of fact are entitled to considerable deference and will not be set aside unless the evidence compels a contrary finding." *Finley v. DBM Technologies*, 217 S.W.3d 261, 264 (Ky. App. 2007).

Because the ALJ found against Kleier with respect to the issue in this appeal, and because she carried the burden of proof, Kleier must establish on appeal that the favorable evidence was so overwhelming as to compel a finding in her favor. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986). "Evidence that would have supported but not compelled a different decision is an inadequate basis for reversal on appeal." *Gaines Gentry Thoroughbreds/Fayette Farms v. Mandujano*, 366 S.W.3d 456, 461 (Ky. 2012) (citing *McCloud v. Beth–Elkhorn Corp.*, 514 S.W.2d 46 (Ky. 1974)).

### III.   ANALYSIS

Kleier asserts the ALJ erred in denying TTD benefits from May 29, 2016, to September 26, 2016. She supports her argument by relying on the fact her treatment provider placed her on one-handed duty in March 2016 and kept her on light or medium-duty work restriction until after her surgery.

KRS 342.0011(11)(a) defines temporary total disability as "the condition of an employee who has not reached maximum medical improvement from an injury and has not reached a level of improvement that would permit a return

5

to employment." In this case, there is no dispute that during the time frame at issue Kleier had not yet reached maximum medical improvement. There is, however, disagreement between the parties as to whether she had "reached a level of improvement that would permit a return to employment."

In determining whether a claimant has "reached the level of improvement that would permit a return to employment," this Court has made clear that "[i]t would not be reasonable to terminate the benefits of an employee when he is released to perform minimal work but not the type [of work] that is customary or that he was performing at the time of his injury." *Cent. Ky. Steel v. Wise*, 19 S.W.3d 657, 659 (Ky. 2000). However, more recently this Court has also stated, "it is also not reasonable, and it does not further the purpose for paying income benefits, to pay TTD benefits to an injured employee who has returned to employment simply because the work differs from what she performed at the time of injury." *Trane Commercial Sys. v. Tipton*, 481 S.W.3d 800, 807 (Ky. 2016). We went on to explain, "absent extraordinary circumstances, an award of TTD benefits is inappropriate if an injured employee has been released to return to customary employment, *i.e.* work within her physical restrictions and for which she has the experience, training, and education; *and* the employee has actually returned to employment." *Id.* (Emphasis in original).

Applying the above to this case, the ALJ's finding that Kleier was not entitled to TTD benefits during the time period at issue was supported by substantial evidence, and Kleier's contrary evidence was not so overwhelming as to compel a finding in her favor. After her injury, Kleier returned to her job

6

at Macy's. Although she did not continue performing all the same job duties, she did continue many of the same duties. She continued to greet customers and advise them on makeup and skin care. She would also sometimes apply makeup. The fact that Kleier also made phone calls and perhaps did not lift as much product as she once had does not mean she did not return to her customary employment. The job duties she performed upon returning to work after her injury were "within her physical restrictions and for which she [had] the experience, training, and education." *See id.*

Kleier stated in her deposition that she quit working at Macy's because of the pain she was experiencing. However, she wrote a letter to Macy's stating that she could not balance her full-time employment with her part-time employment at Macy's. She did not advise Macy's in that letter that she was unable to perform her job duties because of the pain she was experiencing, and there is no evidence that she requested any additional accommodations from Macy's. Further, even after quitting her job at Macy's, Kleier accepted a position and worked for a short period of time for Randstad doing the same job she had been doing at Macy's. Finally, during the time period in question, Kleier's treatment providers eased her work restrictions, from light-duty to medium-duty.

Based on the above facts, there was sufficient evidence of probative value to support the ALJ's denial of Kleier's request for additional TTD benefits. Although evidence existed that may have supported a different decision by the ALJ, that evidence was not so overwhelming as to compel a finding in her favor.

## IV. CONCLUSION

For the above stated reasons, we affirm the Court of Appeals.

All sitting. All concur.


COUNSEL FOR APPELLANT, HAYATTE KLEIER:

Wayne Charles Daub

COUNSEL FOR APPELLEE, MACY'S #562:

James Gordon Fogle
Fogle Keller Walker, PLLC

ADMINISTRATIVE LAW JUDGE:

John Hampton McCracken

WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey, Chairman